**UNITED STATES of America,
Appellee,**

v.

**Cossie BURRUSS, Jr., Appellant.**

**No. 13461.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 6, 1969.

Decided Nov. 25, 1969.

John S. Smart, Richmond, Va. (Court-appointed counsel) [Minor, Thompson, Savage & Smithers, Richmond, Va., on brief], for appellant.

David G. Lowe, Asst. U. S. Atty. (Brian P. Gettings, U. S. Atty., on brief), for appellee.

Before SOBELOFF, BOREMAN and WINTER, Circuit Judges.

SOBELOFF, Circuit Judge:

Cossie Burruss was convicted on two counts charging interstate transportation of stolen motor vehicles (18 U.S.C. §

2312) and was given concurrent sentences of five years.

Involved in the case were the separate thefts of two automobiles from Washington, D. C. in April and June of 1968. There was substantial testimony that defendant was seen driving the cars in Louisa County, Virginia. To establish the fact that the vehicles were stolen, the prosecution subpoenaed the owners of the two automobiles. When they both failed to appear, the Government attorney offered "theft reports" taken from the Central Records Division of the Metropolitan Police Department, Washington, D. C.

The issue presented on this appeal is the admissibility, under the Federal Business Records Act, 28 U.S.C. § 1732,[1] of business records containing hearsay. The appellant argues that the reports were improperly admitted; and that since they were the only evidence that the cars were stolen the convictions must be overturned. We agree.

▆▆ The purpose of the Business Records Act was to allow reliable and accurate records to be introduced without the necessity of calling the person who made the entry. The act was not designed, however, to facilitate the introduction of hearsay as to which the reporter, if he appeared in person, would not be allowed to testify. The police officer who made the report would not have been permitted to tell what the owner of the car told him, for the purpose of establishing the truth of the owner's statement. Similarly, if the testimony is reduced to record form it continues to be inadmissible.

▆▆ The statute provides that a business record of an event may be used as evidence of that event. The record in this case was merely a memorandum of the fact that a report was made, but does not bear witness to the truth of what is in the report. Thus, it would be permissible under the act to show that the car was *reported* stolen, but not that it was *in fact* stolen.

One author has put it well:

These acts were intended to make admissible records which, because made pursuant to a regular business duty, are presumed to be reliable. The mere fact that recordation of third party statements is routine, taken apart from the source of the information recorded, imports no guaranty of the truth of the statements themselves. There is no reason for supposing an intention to make admissible hearsay of this sort. So to construe these statutes would make of them almost limitless dragnets for the introduction of random, irresponsible testimony beyond the reach of the usual tests for accuracy.

Note, Revised Business Entry Statutes: Theory & Practice, 48 Colum.L.Rev. 920, 926–927 (1948).

The person who reported the theft was not acting in the routine of his business, and therefore what he reported is not entitled to evidentiary consideration. The Advisory Committee on the Federal Rules of Evidence, appointed at the direction of the Judicial Conference of the United States, agrees. "All participants, including the observer or partici-

---

1. 28 U.S.C. § 1732 provides, in pertinent part:

(a) In any court of the United Sates and in any court established by Act of Congress, any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible as evidence of such act, transaction, occurrence, or event, if made in regular course of any business, and if it was the regular course of such business to make such memorandum or

record at the time of such act, transaction, occurrence, or event or within a reasonable time thereafter.

All other circumstances of the making of such writing or record including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but such circumstances shall not affect its admissibility.

The term "business," as used in this section, includes business, profession, occupation, and calling of every kind. * * *

pant furnishing the information to be recorded, [must be] acting routinely, under a duty of accuracy, with employer reliance on the result or in short 'in the regular course of business.'" Rules of Evidence for the United States District Courts and Magistrates, R. 8–03(a) (6), Advisory Committee's Note, 186–187 (Proposed Draft 1969).

In a criminal case, use of such records to prove commission of the crime deprives the defendant of the constitutionally guaranteed opportunity to confront his accuser. We conclude that the evidence was incompetent and should have been excluded.

Viewed superficially, it is arguable that the above construction of the statute contravenes its plain language, which reads:

> All other circumstances of the making of such writing or record, including *lack of personal knowledge by the entrant or maker,* may be shown to affect its weight, but such circumstances *shall not affect its admissibility.*

28 U.S.C. § 1732 (Emphasis added.) The better interpretation of this passage is that the one who makes the actual record entry need not have first hand information provided that the record was made in the ordinary course. In no event may a memorandum be evidence of an act which it was not made to record. Thus a police record would be admissible to show that a report was made to an officer, even though the recorder was not the officer to whom the report was made. On the other hand, the hearsay contained in the report remains inadmissible.

The weight of authority is in accord with this view. The leading case is Johnson v. Lutz, 253 N.Y. 124, 170 N.E. 517 (1930), which construed a similar provision of the Model Code of Evidence. Also see, Gencarella v. Fyfe, 171 F.2d 419 (1st Cir. 1948); Gordon v. Robinson, 210 F.2d 192 (3rd Cir. 1954); Standard Oil Co. of Calif. v. Moore, 251 F.2d 188, 214 (9th Cir. 1957), cert. denied, 356 U.S. 975, 78 S.Ct. 1139, 2 L.Ed. 2d 1148 (1958); Yates v. Bair Transport,

Inc., 249 F.Supp. 681 (S.D.N.Y.1965); McCormick, Evidence, § 286, p. 602 (1954). Professor Wigmore, in lonely dissent, recognizes that the decisions have gone the other way, 5 Wigmore § 1530a, n. 1, pp. 391–392.

The precise issue has recently been faced by two other circuits in contexts identical to the present one, that is, Dyer Act prosecutions in which the complaining witnesses were absent. United States v. Graham, 391 F.2d 439 (6th Cir. 1968); United States v. Shiver, 414 F.2d 461 (5th Cir. 1969). In each case the result reached was as we decide today.

Since the police reports were the only evidence of the theft of the automobiles, the convictions must be reversed. During oral argument the United States represented that it would not re-try Burruss in the event that a new trial should be awarded.

Accordingly, the judgment is

Reversed and remanded with directions to enter judgment of acquittal.