UNITED STATES of America,
Appellee,

v.

John Mack SMITH, Appellant.

No. 71–1522.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 5, 1971.

Decided Dec. 22, 1971.

T. S. Ellis, III, Richmond, Va. (Court-appointed) [Hunton, Williams, Gay, Powell & Gibson, Richmond, Va., on brief], for appellant.

David G. Lowe, Asst. U. S. Atty. (Brian P. Gettings, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and FIELD, Circuit Judges.

PER CURIAM:

Convicted of the interstate transportation of forged securities, knowing the same to have been forged, in violation of 18 U.S.C.A. § 2314, John Mack Smith appeals. He advances numerous contentions why his conviction should be set aside, but we find no error and affirm.

The securities were Travelers Express money orders stolen from the Astro liquor store, in Washington, D. C., during the civil disorders following the assassination of Dr. Martin Luther King. The date of theft was April 18, 1968, and the money orders were stolen in blank. Almost two years later, one of these checks, validated by a validating machine stolen from another store in Washington, D. C., in the amount of $150.00, was cashed by defendant at a Sears, Roebuck store in Petersburg, Virginia. An investigation and the instant prosecution followed.

■ Defendant claims that an in-court identification of him by the Sears, Roebuck cashier and evidence of an earlier photographic identification as the man who cashed the check was improperly used to convict him, because of the use of unduly suggestive photographs of him prior to the time that he was taken into custody. Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). The cashier saw photographs on two occasions. The first time she could make no identification. The second time she identified one photograph of defendant from a spread of photographs of eight persons of the same race and approximately the same age. Two photographs of defendant were included in the spread. We think this use of photographs was not unduly suggestive.

■ We see no merit in defendant's claim that his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), were denied him. Defendant was interrogated at his home, he was not arrested and he was not the focus of the investigation then being conducted. Even if *Miranda* applied, there was substantial evidence, although controverted, that defendant was apprised of his *Miranda* rights, so that the

district court's ruling that defendant's false exculpatory statements were admissible against him because they were freely and voluntarily given after full *Miranda* warnings was not clearly erroneous. See, United States v. Kargoe, 391 F.2d 284 (4 Cir. 1968) (per curiam).

 We disagree with defendant that there was lacking sufficient evidence to convict him. His possession of stolen property, his false exculpatory statement, and the evidence concerning the use of the validating machine provided a sufficient basis for the jury to infer his guilt beyond a reasonable doubt. Notwithstanding the argued lapse of almost two years, it was not improper for the jury to be instructed that it might infer guilty knowledge from possession of stolen property.*

In United States v. Burruss, 418 F.2d 677 (4 Cir. 1969), we held that in a prosecution under the Dyer Act the fact that a vehicle had been stolen could not be proved solely by admission of a police theft report which recorded a report of theft. Such use, we concluded, was not authorized by the Federal Business Records Act, 28 U.S.C.A. § 1732. Defendant, relying on *Burruss,* contends that an executive of Travelers Express was improperly permitted to testify to the fact that the money order was stolen, based upon a business record reflecting a report from Astro.

 We think *Burruss* inapposite. Astro was Travelers Express' agent for the sale of money orders. Unlike *Burruss,* where the record reflected only the hearsay of a third-party reporter, Travelers Express' report reflected the report of an authorized agent made in the ordinary course of business. We conclude that the Act permits the use of the record. In any event, any error in this regard was harmless because there was

other testimony that the money order was stolen. It was that the money order was not valid until validated by a machine furnished the seller by Travelers Express, and this money order was validated by a machine furnished another agent of Travelers Express doing business at another address which had been stolen. The inescapable inference was that the money order was also stolen since it could not, in the ordinary course of business, have been validated by that machine.

Affirmed.

the court's instructions permitted, consider the lapse in determining if to draw the inference or the weight to be given the inference, if drawn, but the lapse was not so great as to render any inference impermissible.

---

* While the blank order was stolen April 18, 1968, the validating machine was not stolen until September 26, 1969. Since the money order was useless until validated by the stolen validating machine, the actual lapse was less than six months. The jury might well, as