**UNITED STATES of America,**
**Appellee,**

v.

**John Russell KARNAP, Appellant.**

**No. 72–2000.**

Untied States Court of Appeals,
Fourth Circuit.

Argued Feb. 8, 1973.

Decided April 20, 1973.

Harvey M. Cohen, Huntington, W. Va., court-appointed (Naomi W. Cohen, Charleston, W. Va., on brief), for appellant.

Wayne A. Rich, Jr., Asst. U. S. Atty. (John A. Field, III, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, BUTZNER, Circuit Judge, and BRYAN, District Judge.

ALBERT V. BRYAN, Jr., District Judge:

Complaining that hearsay evidence was admitted against him and that he never received the order to report for induction, the defendant appeals his conviction on both counts of a two-count indictment charging (1) that he wilfully and knowingly failed to report for an Armed Forces physical examination, and (2) that he similarly failed to report for induction. 50 U.S.C. App. § 462. We affirm on both counts.

At his trial the evidence introduced by the United States included the classification questionnaire, Form 100, from the defendant's Selective Service file on which were the entries "Did not report" on January 4, 1970, and February 1, 1970. These entries followed other notations indicating that the defendant was mailed a notice to report on the first date for a physical examination and on the second date for induction. In addition, two documents were introduced from the Selective Service file, one entitled Physical Examination List and the other designated Delivery List, on each of which appeared an "X" mark opposite the defendant's name in the column headed "Failed to Report." The witnesses who testified as custodians of the records concededly had no knowledge as to their truth, and the defendant objects to their introduction on the ground that they were hearsay. The question is whether these documents were properly introduced as substantive evidence of guilt either under the Federal Shop Book Rule, 28 U.S.C. § 1732, or as official government records under 28 U.S.C. § 1733.

The X marks on the Delivery List and on the Physical Examination List were not made in the office of the Selective Service Board, but rather by an Army officer at the examining station where the defendant was supposed to report. A copy with the notations thereon was then returned to the Selective Service Board, kept in its file and maintained by that board in the ordinary course of business. Apparently the information on the classification questionnaire was based on the entries placed on the two lists.

Selective Service files have generally been held admissible as public documents under 28 U.S.C. § 1733. Penor v. United States, 167 F.2d 553 (9th Cir. 1948); United States v. Ward, 173 F.2d 628 (2nd Cir. 1949); United States v. Borisuk, 206 F.2d 338 (3rd Cir. 1953);

Pardo v. United States, 369 F.2d 922 (5th Cir. 1966).

■ Technically the notations were not made by an employee of the local board in the ordinary course of the board's business, but were made by an Army officer stationed at the examination station; however, the documents on which they appeared were received and kept in the ordinary course of the local board's business. United States v. Harris, 446 F.2d 129, 131 (7th Cir. 1971). When viewed as statements made in the routine of the Army officer's business these records would be admissible under 28 U.S.C. § 1732. United States v. Burruss, 418 F.2d 677 (4th Cir. 1969), does not dictate a contrary result. There the government sought to introduce the report of a police officer which contained the statement that certain automobiles, the subject matter of the criminal charge involved, had been stolen. This statement was based on information obtained from the owners of the cars. This is distinguishable from the instant case in that it is reasonable to infer that the third party here, the Army officer, was "acting routinely, under a duty of accuracy, with employer reliance on the result, or in short 'in the regular course of business.'" Proposed Rules of Evidence for the United States Courts and Magistrates, Rule 803(6), Advisory Committee's Note, 56 F.R.D. 183, 308.

If the Army officer who made the entry is considered an *ad hoc* official of the Selective Service System as set forth in LaPorte v. United States, 300 F.2d 878, 881 (9th Cir. 1962), then the documents are viewed as official statements and are admissible under 28 U.S.C. § 1733. United States v. Holmes, 387 F.2d 781 (7th Cir. 1968).

Admissible under either section, they make out a *prima facie* case of the defendant's failure to report and where, as here, there is no evidence to the contrary, they are sufficient to establish that as a fact.

Defendant's second ground of appeal is that because there is no evidence that he ever received actual notice of the induction order, he cannot be convicted of wilfully and knowingly failing to report for induction as charged under Count II.

The facts necessary to determine this question are as follows: On June 15, 1969 the defendant advised the local Selective Service Board that his address would thereafter be 203 Green Oak Drive, Huntington, West Virginia. On or about September 24, 1969, he wrote the board that his address "while at N. Y.U. is: . . . 2207 University Ave., Bronx, N. Y." On March 16, 1970, he again wrote the board that "My present local address while attending New York University is . . . 1920 Osborne Place, Apt. 2C, Bronx, N. Y." On December 16, 1970, the local board sent out two (2) copies of SSS Form 223 (Order to Report for Physical Examination)—one of these copies was sent to 1920 Osborne Place in New York and the other to the West Virginia address. The former was returned with the notation, "Return to Writer, Moved, Left No Address," while the latter, addressed to 203 Green Oak Drive, Huntington, West Virginia, was delivered and the receipt, on which had been stamped, "Deliver to Addressee Only," was returned signed by the defendant. On January 12, 1971, the local board mailed out its Form 252 (Order to Report for Induction) but this time sent only one copy, that going to the West Virginia address, by registered mail, return receipt requested, with the same notation of "Deliver to Addressee Only." This notice directed the defendant to report for induction on February 1, 1971, but it was returned to the board as "Unclaimed" on February 1, 1971.

32 CFR § 1641.3 establishes the effect of mailing a notice to the "last reported" address. It provides as follows:

"It shall be the duty of each registrant to keep his local board advised at all times of the address where mail will reach him. The mailing of any order, notice, or blank form by the local board to a registrant at the ad-

dress last reported by him to the local board shall constitute notice to him of the contents of the communication, whether he actually receives it or not."

The advice to the Board on March 16, 1969 that the defendant's address would be 1920 Osborne Place, New York "while attending New York University" was, by its very terms, notice of a temporary address. There was no indication that the West Virginia address was not still his permanent address. When mail addressed to the New York residence was returned with the notation that the defendant had "Moved, Left No Address" while mail sent at the same time was being received personally by the defendant at the West Virginia address, it was apparent that the temporary stay, at least at that address, was terminated. It would have been useless for the board to send later notices to New York. The West Virginia address was, in fact, the defendant's "last reported" permanent address.

In United States v. Bowen, 414 F.2d 1268 (3rd Cir. 1969), 32 CFR § 1641.3 was declared invalid because, as the jury was instructed by the trial court in that case, the regulation created an irrebuttable presumption that mail sent was received. We need not decide that, however. The district court here, in its charge to the jury, made no mention of any presumption nor was any reference made to the regulation. The essential elements of the offense, including the requirement of knowledge and intent, were properly included in that charge. Unaided by any presumption the jury found the existence of these elements.

Indeed, appellant does not argue that the regulation is invalid. He argues only that it required that notice be sent to the New York address, a point which we have already treated. Both he and the government view the presumption as rebuttable. We share that view; and, so viewed, the regulation passes muster on due process grounds.

It has been suggested that the return of the notice marked "unclaimed" rebutted the presumption; however the notice was sent to the address reported by the defendant as the one where mail would reach him. Mail had reached him there four (4) weeks earlier. From these circumstances the trier of fact could infer and find absent some explanation, that "unclaimed" was because of defendant's own conduct, and that the defendant should not be allowed to complain of lack of notice.

We have examined the other claimed errors including the district court's charge, or lack of it, relating to the documents admitted in evidence and the method by which the district court arrived at the length of the sentence imposed and find them to be without merit.

Affirmed.