UNITED STATES of America,
Plaintiff-Appellee,

v.

John Q. WOLFENBARGER,
Defendant-Appellant.

No. 81–2235.

United States Court of Appeals,
Tenth Circuit.

Dec. 10, 1982.

Rehearing Denied Jan. 25, 1983.

Warren H. Crane, Lawton, Okl., for defendant-appellant.

Frank Michael Ringer, Asst. U.S. Atty., Oklahoma City, Okl. (John E. Green, Acting U.S. Atty., and Susie Pritchett, Asst. U.S. Atty., Oklahoma City, Okl., on the brief), for plaintiff-appellee.

Before DOYLE and McKAY, Circuit Judges, and TEMPLAR,* District Judge.

McKAY, Circuit Judge.

John Wolfenbarger was convicted of receiving a shotgun in violation of 18 U.S.C. § 922(h)(1) (1976) and of two counts of possessing a pistol in violation of 18 U.S.C.App. § 1202(a)(1) (1976). Section 922(h)(1) prohibits anyone who has been convicted of a crime punishable by more than a year's imprisonment from receiving a firearm that has been transported in interstate commerce. Section 1202(a)(1) prohibits any such person from possessing a firearm that has been transported in interstate commerce. Mr. Wolfenbarger appeals, claiming that his convictions should be set aside be-

cause (a) evidence crucial to his convictions under section 1202(a)(1) was seized pursuant to an invalid search warrant and (b) his conviction under section 922(h)(1) was based solely on an uncorroborated extrajudicial statement he had made to undercover agents.

I.

In 1971, Mr. Wolfenbarger was convicted in an Oklahoma state court of robbery with firearms, a crime punishable by more than a year's imprisonment. After his release from prison, he managed Shady Sam's Pawnshop, which his wife owned. In 1980, the Bureau of Alcohol, Tobacco and Firearms (ATF) began an undercover investigation of Mr. Wolfenbarger. During the investigation, ATF Agents Tate and Valadez, who knew of Mr. Wolfenbarger's previous conviction, visited Shady Sam's approximately eleven times and saw a rifle, two pistols, and a shotgun. On one occasion, Mr. Wolfenbarger told the agents that he had bought the shotgun. On another visit, Agent Valadez bought the shotgun from Mr. Wolfenbarger. The agents then obtained a search warrant and searched Shady Sam's. They seized a .357 magnum revolver and a .22 caliber derringer. Mr. Wolfenbarger was subsequently convicted of receiving the shotgun in violation of section 922(h)(1) and possessing the pistols in violation of section 1202(a)(1).

II.

Mr. Wolfenbarger argues that the search was unlawful, and that therefore the pistols were inadmissible as evidence, because (a) the search warrant was issued on the basis of an insufficient affidavit and (b) the warrant did not describe what was to be seized with sufficient particularity.

The warrant was issued on the affidavit of Agent Eberhardt of the ATF, who supervised the investigation of Mr. Wolfenbarger. The affidavit stated that Agent Eber-

---

\* Honorable George Templar, United States District Judge for the District of Kansas, sitting by designation.

hardt had personal knowledge of Mr. Wolfenbarger's 1971 conviction. It described in detail the numerous occasions on which Mr. Eberhardt's subordinates in the investigation, Agents Tate and Valadez, saw the guns in Shady Sam's. It explained the circumstances in which they had seen Mr. Wolfenbarger handle the pistols, and stated that Agent Valadez had bought the shotgun. The affidavit then related a conversation Mr. Eberhardt had had with an ATF firearms expert who thought that the guns were manufactured outside of Oklahoma, and therefore must have been transported in interstate commerce.

A magistrate may issue a valid search warrant if he is presented with an affidavit that gives probable cause to believe that the search would uncover evidence of a crime. *United States v. Burns,* 624 F.2d 95, 99 (10th Cir.), *cert. denied sub. nom. Reynolds v. United States,* 449 U.S. 954, 101 S.Ct. 361, 66 L.Ed.2d 219 (1980). An affidavit can supply the requisite probable cause even if it contains only hearsay so long as the hearsay informants are shown to be reliable and the affidavit contains enough underlying circumstances for the magistrate to decide for himself whether there is probable cause. *See Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). In the instant case, both of these requirements are satisfied. The affiant and the informants were fellow agents conducting an investigation; the Supreme Court has held that "[o]bservations of fellow officers of the Government engaged in a common investigation are plainly a reliable basis for a warrant applied for by one of their number." *United States v. Ventresca,* 380 U.S. 102, 111, 85 S.Ct. 741, 747, 13 L.Ed.2d 684 (1965). Moreover, the affidavit gave enough underlying circumstances to enable the magistrate to arrive at his own conclusion. Mr. Wolfenbarger's attack on the warrant because of the failure of Agent Eberhardt to say how he knew of Agents Tate's and Valadez's observations

ignores the Supreme Court's mandate to interpret affidavits for search warrants in a common sense and realistic fashion. *Ventresca,* 380 U.S. at 108, 85 S.Ct. at 745. It was abundantly reasonable for the judge to infer that the detail attributed to the affiant's subordinates came to him from these reports. We hold that the affidavit provided a sufficient basis for the search warrant.[1]

Mr. Wolfenbarger also argues that the warrant was invalid because it was impermissibly vague in describing one of the items to be seized as "an unknown make .38 caliber, blue steel, with wood grips, revolver . . . ." Record, vol. 1 at 24.

"A description is sufficiently particular when it enables the searcher to reasonably ascertain and identify the things authorized to be seized." *United States v. Wuagneux,* 683 F.2d 1343, 1348 (11th Cir. 1982). We think that the warrant in this case, which was limited to Shady Sam's Pawnshop, and authorized the seizure of "an unknown make .38 caliber, blue steel, with wood grips, revolver . . . .," meets this standard. We therefore hold that the warrant was sufficiently particular and the search was legal. Thus, the court below properly admitted the pistols as evidence.

### III.

Mr. Wolfenbarger's conviction under section 922(h)(1) required him to have "received" the shotgun. At trial, Agents Tate and Valadez testified that Mr. Wolfenbarger told them that he had bought the shotgun. A defendant cannot be convicted of a crime solely on the basis of an uncorroborated extrajudicial statement. *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). The trial court held that Mr. Wolfenbarger's statement that he bought the shotgun was corroborated by his sale of the shotgun to agent Valadez and his position as manager of the pawnshop. Mr. Wolfenbarger argues that it was possi-

---

1. We do *not* hold that a law enforcement officer can always obtain a valid search warrant simply by alleging observations of fellow officers without explaining how he knows about them. The reasonableness of a magistrate's inferences from an affidavit must be considered on a case-by-case basis.

ble for him to have worked at the pawnshop and sold the shotgun without having received it. Thus, he claims, his extrajudicial statement was uncorroborated and there is insufficient evidence to support his conviction under section 922(h)(1).

It may be possible for Mr. Wolfenbarger to have managed the pawnshop and sold the shotgun without having received it. That possibility, however, does not render the management and sale incapable of corroborating his statement that he received the gun. As we have previously held, although an accused may not be convicted solely on the basis of his own extrajudicial incriminating statement, "it is not necessary that the corroborating evidence be sufficient, independent of the statement, to prove the crime charged. The rule is satisfied if there is substantial independent evidence which will tend to establish the trustworthiness of the ... incriminating statement." *Mapys v. United States,* 409 F.2d 964, 967 (10th Cir.1969), *cert. denied,* 399 U.S. 932, 90 S.Ct. 2266, 26 L.Ed.2d 802 (1970). Thus, it is not enough for Mr. Wolfenbarger to argue simply that the corroborating evidence does not logically preclude his innocence. The corroborating evidence must go to the believability of the statement, not to the commission of the crime. We find that Mr. Wolfenbarger's sale of the gun and his position as decision maker in the daily operation of Shady Sam's Pawnshop corroborated his statement that he bought the gun. We therefore hold that the trial court did not err in denying his motion for acquittal.[2]

AFFIRMED.

---

**2.** Mr. Wolfenbarger also claims that the trial court erred in refusing to instruct the jury on the corroboration requirement. We disagree. Corroborating evidence, as it relates to the *Wong Sun* requirement, goes to the sufficiency of the evidence, not to its weight. Sufficiency