**UNITED STATES of America, Plaintiff,**

v.

**Emery L. GOAD and William R. Wood, Defendants.**

**Crim. A. Nos. 89–10062–01, 89–10062–02.**

United States District Court,
D. Kansas.

June 26, 1990.

---

Robin Fowler, Asst. U.S. Atty., Wichita, Kan., for plaintiff.

David M. Rapp, Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court upon the motion of defendant Goad for judgment of acquittal. After the court granted a motion to sever in this case, defendant Goad proceeded individually to trial. At the close of the evidence, defendant made a motion for acquittal, which was granted by the court. The court provides this memorandum order to specify the basis for its decision.

 The government charged defendant under 18 U.S.C. § 2313 ("the Dyer Act"), which provides:

Whoever receives, possesses, conceals, stores, barters, sells, or disposes of any

motor vehicle or aircraft, which has crossed a State or United States boundary *after being stolen,* knowing the same to have been stolen, shall be fined . . . or imprisoned. . . .

As an initial element of this crime, it is incumbent upon the government to prove that the pickup had been stolen prior to its transport in interstate commerce. *United States v. Wyatt,* 437 F.2d 1168, 1171 (7th Cir.1971). For purposes of the Dyer Act, the term "stolen" refers to "all felonious takings of motor vehicles with the intent to deprive the owner of the rights and benefits of ownership. . . ." *United States v. Turley,* 352 U.S. 407, 417, 77 S.Ct. 397, 402, 1 L.Ed.2d 430 (1957); *see also McCarthy v. United States,* 403 F.2d 935, 938 (10th Cir. 1968). The Tenth Circuit "has defined the term corpus delicti, at least in the context of the crime of interstate transport of a stolen vehicle, to mean that 'extrinsic evidence must establish the commission of the crime by *somebody,* or in other words, that the crime has in fact been committed.' " *United States v. Shunk,* 881 F.2d 917, 919 (10th Cir.1989) (quoting *United States v. Charpentier,* 438 F.2d 721, 725 n. 2 (10th Cir.1971)) (emphasis in original). Defendant claims that the government has failed to present sufficient competent evidence to submit to the jury the issue of whether the pickup truck in question was stolen. The government relies on several pieces of evidence in opposing defendant's motion.

■ First, it refers to a police report in which the officer making the report took the statement of Roger Reed, a salesman at the Larry Savage Chevrolet car lot, that the pickup was discovered missing by the salesmen. Notwithstanding the fact that Mr. Reed signed this report as the complainant, this out of court statement, for which no hearsay exception is present, is inadmissible under Fed.R.Evid. 802 to prove the truth of the matter asserted. *See* Fed.R.Evid. 803(6) advisory committee's note (informant's statements in police report not within business record exception); *Wyatt,* 437 F.2d at 1170. Therefore, this evidence may not be considered for purposes of the present motion.

■ The government also relies on a "statement of proof of loss" insurance form that was drafted by Barbara Prince, formerly of the Hanover Insurance Company, and signed and notarized by employees of the car lot. The court admitted this evidence only for the purpose of establishing that Larry Savage Chevrolet submitted a claim of loss to its insurance company. The averment within this claim that "upon the best knowledge and belief of the Insured" the loss was caused by "theft" is not competent proof of a theft. First, the claim was not a business record made within "the regular practice of" Larry Savage Chevrolet, and therefore it fails to meet an essential requirement of this hearsay exception. Fed.R.Evid. 803(6) & advisory committee's note (all participants, including the supplier of information, must be acting within the regular course of business). Moreover, even assuming that this claim fell within the business record exception, the Larry Savage Chevrolet employees signing this claim had no personal knowledge of the information transmitted. As defendant observes, no employee of the car lot who supplied the hearsay statements for the insurance claim had any personal knowledge of a theft. Rather, only the inventories of Larry Savage Chevrolet, which the government also failed to produce, provide the basis for the inference of these employees the pickup had been stolen. Thus, the insurance claim form fails at least two essential requirements of the business records exception of Fed.R.Evid. 803(6). *See also* Fed.R.Evid. 602. For similar reasons, the proof of payment by the insurance company does not establish that the pickup was stolen. Rather, this evidence establishes only that payment was made for an allegedly stolen vehicle.

■ Third, the government relies on the fact that the vehicle was listed as stolen by the National Crime Information Center ("NCIC"). No person at the NCIC had personal knowledge of the fact that this vehicle was stolen, and its information was derived from the inadmissible hearsay in the police reports. Fed.R.Evid. 602. As with the insurance claim and the police

report, this evidence only established that the pickup had been reported stolen; it was not admissible for the purpose of proving the actual theft. *United States v. Burruss*, 418 F.2d 677, 678 (4th Cir.1969).

 Finally, the government relies upon the defendant's own statements that the vehicle was stolen. Notwithstanding the defendant's lack of personal knowledge as to the truth of his statements, this evidence was admissible for proving the fact of the theft. Fed.R.Evid. 801(d)(2) & advisory committee's note (first hand knowledge not required for admissions of party opponent). However, because defendant raised timely objections to each of the inadmissible pieces of evidence, the court must consider only defendant's own statements in ruling on the present motion. *Cf. United States v. Carney*, 468 F.2d 354, 358 (8th Cir.1972) (defendant's failure to object to hearsay evidence allowed court to consider such evidence for "its natural probative effect"). " 'A defendant cannot be convicted solely on the basis of an uncorroborated extrajudicial statement.' " *Shunk*, 881 F.2d at 919 (quoting *United States v. Wolfenbarger*, 696 F.2d 750, 752 (10th Cir. 1982)); *see also United States v. Dove*, 629 F.2d 325, 329 (4th Cir.1980) (defendant's belief that he was buying a stolen car insufficient to support conviction). Rather there must be "substantial evidence sufficient to establish that the confession or statement is trustworthy." *Charpentier*, 438 F.2d at 724. In this case, there is no such independent evidence to substantiate defendant's own belief that the pickup had been stolen. Defendant relied only on the information he received from the NCIC and upon his conversation with the insurance company. Thus, defendant's statements themselves were based upon layers of inadmissible hearsay. *See Boren v. Sable*, 887 F.2d 1032, 1034–37 (10th Cir.1989) (trial court could correctly exclude 801(d)(2) statements containing multiple layers of hearsay).

 The court does not dispute the well established principle cited by the government that a judgment of acquittal must be denied if "on the basis of the whole record,

'the evidence—both direct and circumstantial, together with the reasonable inferences to be drawn therefrom—is sufficient' " to allow a reasonable jury to find the defendant guilty beyond a reasonable doubt. *United States v. Bowie*, 892 F.2d 1494, 1497 (10th Cir.1990) (quoting *United States v. Hooks*, 780 F.2d 1526, 1531 (10th Cir.), *cert. denied*, 475 U.S. 1128, 106 S.Ct. 1657, 90 L.Ed.2d 199 (1986)). The difficulty with the government's case is that it attempts to base a conviction upon the circumstantial use of incompetent evidence. Not only was the government's evidence inadmissible under the federal rules governing both civil and criminal cases, the attempted use of this evidence raises disturbing constitutional concerns with respect to defendant's right to confront his accuser. *Burruss*, 418 F.2d at 679. Although this evidence, together with sufficient admissible evidence, might bolster proof of a theft in a civil case, standing alone it is inadequate, and indeed unconstitutional for purposes of proving this essential element.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion for judgment of acquittal be granted.