UNITED STATES of America,
Plaintiff–Appellee,

v.

Marcus L. ROBERTSON,
Defendant–Appellant.

No. 93–6240.

United States Court of Appeals,
Tenth Circuit.

April 15, 1994.

June E. Tyhurst, Asst. Federal Public Defender, Oklahoma City, OK, for appellant.

Edward J. Kumiega, Asst. U.S. Atty. (Vicki Miles–LaGrange, U.S. Atty., with him on the brief), Oklahoma City, OK, for appellee.

Before ANDERSON, HOLLOWAY, and TACHA, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

Marcus Robertson appeals the district court's denial of his motion to suppress evidence. Robertson claims that the warrant authorizing seizure of the evidence was too general, that no exception to the warrant requirement permitted the seizures, and that the government exceeded the scope of the warrant. We hold that the warrant was sufficiently particular and that the federal agents reasonably relied on the warrant even if it was too broad. However, we also hold that the agents wrongfully seized two items that were not covered by the warrant. We therefore affirm in part, reverse in part, and remand to the district court.

## BACKGROUND

At 2:00 a.m. on January 29, 1993, Marcus Robertson and another man approached Thomas Ziemba while he was unloading his car in a motel parking lot. They demanded his car keys and wallet, then hit him on the head with a pistol. Robertson's companion drove off in Ziemba's car.

Later that morning federal agents found Ziemba's car in the parking lot of the apartment building where Robertson was living. All of Ziemba's personal belongings, which he had packed in his car because he was moving, were missing.

In the evening one government agent interviewed Robertson, who identified himself as Dennis Howard, in the apartment where Robertson had been living. Robertson said he didn't know anything about Ziemba's car, but the agent noticed several items in the kitchen: a Braun Aromatic box, a red and white plastic ice chest, a green rubberized bag with clothes in it, and yellow jumper cables.

The agent then sought a detailed description of the stolen property from Ziemba, but could not find him until the next morning. Ziemba told the agent that the property missing from his car included those four items, but he could not recall and specifically describe the rest of his things, most of which were clothing. The agent then prepared an affidavit and application for a warrant to search Robertson's apartment. The court issued the warrant that day, authorizing the agents to search for and seize the four items that the agent specifically mentioned "and other instrumentalities and fruits of the crime of armed carjacking."

That evening at 9:00 the agents began the search. After a protective sweep during which no evidence was seized, the agents located the renter, Christelle Green. One of them interviewed Ms. Green in the kitchen while the others searched the apartment. The agents searched the entire apartment but did not find the four specific items listed in the warrant.

After failing to find the four items, an agent left to bring Ziemba to the apartment. The agents brought Ziemba through the apartment and had him identify his property. Ziemba identified several things that the agents then seized: two dumbbells, a leather jacket, two pans, a measuring cup, nine books, and a trash can.

The agents also seized several other items: a .22 revolver, a camel head container with ammunition and coins inside, three traffic tickets issued to William E. Winder, photos of Robertson and others displaying gang signals and signs, and a book with a receipt to Ziemba sticking out of it.

After a grand jury indicted Robertson for carjacking and related crimes, the court denied Robertson's motion to suppress the evidence, holding that the warrant was sufficiently specific and that the items not covered by the warrant were in plain view. Robertson appealed to this court.

## DISCUSSION

We must accept the district court's findings of fact unless clearly erroneous. *United States v. McAlpine*, 919 F.2d 1461, 1463 (10th Cir.1990). However, we review de novo whether the warrant was too broad. *United States v. Harris*, 903 F.2d 770, 774 (10th Cir.1990).

## I. The Warrant's Specificity

 The Fourth Amendment requires warrants to describe particularly the things to be seized, so that "nothing is left to the discretion of the officer executing the warrant." *Stanford v. Texas,* 379 U.S. 476, 485, 85 S.Ct. 506, 512, 13 L.Ed.2d 431 (1965) (quoting *Marron v. United States,* 275 U.S. 192, 196, 48 S.Ct. 74, 76, 72 L.Ed. 231 (1927)). A search is "confined in scope to particularly described evidence relating to a specific crime for which there is demonstrated probable cause." *Voss v. Bergsgaard,* 774 F.2d 402, 404 (10th Cir.1985).

 In general, a warrant is sufficiently specific if it "enables the searcher to reasonably ascertain and identify the things authorized to be seized." *United States v. Wolfenbarger,* 696 F.2d 750, 752 (10th Cir.1982) (quoting *United States v. Wuagneux,* 683 F.2d 1343, 1348 (11th Cir.1982), *cert. denied,* 464 U.S. 814, 104 S.Ct. 69, 78 L.Ed.2d 83 (1983)). However, even a "warrant that describes items to be seized in broad and generic terms may be valid if the description is as specific as circumstances and nature of the activity under investigation permit." *Harris,* 903 F.2d at 775; *accord United States v. Wicks,* 995 F.2d 964, 973 (10th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 482, 126 L.Ed.2d 433 (1993). The agents tried to get a detailed description from Ziemba before seeking the warrant. However, Ziemba was distraught and could not specifically describe more than a few items. Most of his things were so commonplace that Ziemba never could have given the agents any distinguishing details about them. Furthermore, because one agent had already interviewed Robertson about the crime, Robertson probably would have removed the evidence if the agents had waited to see if Ziemba could better describe his property later. Because the officers therefore could not give "an exact description of the fruits and instrumentalities" of the crime, they could "only be expected to describe the generic class of items" they sought. *Harris,* 903 F.2d at 775 (quoting *Spinelli v. United States,* 382 F.2d 871, 886 (8th Cir.1967), *rev'd on other grounds,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969)); *see also Wicks,* 995 F.2d at 973–74.

 Even if generic descriptions are necessary, however, "the fourth amendment requires that the government describe the items to be seized with as much specificity as the government's knowledge and circumstances allow, and 'warrants are conclusively invalidated by their substantial failure to specify as nearly as possible the distinguishing characteristics of the goods to be seized.'" *United States v. Leary,* 846 F.2d 592, 600 (10th Cir.1988) (quoting *United States v. Fuccillo,* 808 F.2d 173, 176 (1st Cir.), *cert. denied,* 482 U.S. 905, 107 S.Ct. 2481, 96 L.Ed.2d 374 (1987)). The warrant could have been a little more specific by listing men's clothing of an approximate size, various categories of household goods, and a pistol, rather than just listing "instrumentalities and fruits" of the crime. Although this would seem more specific, it would not better identify the "distinguishing characteristics of the goods to be seized" or better enable the agents to identify the things to be seized. Since Robertson had his own clothes and household goods in the apartment, the only truly distinguishing characteristic was ownership, not the general type of item. The warrant therefore could not have given the agents any more guidance in determining what they could seize.

The warrant in this case differs from those authorizing seizure of any evidence relating to violations of broad statutes. *See id.* at 601–02; *Voss,* 774 F.2d at 405. Rather than permitting search and seizure of almost anything, the "fruits" of the crime were limited by the context to things that Ziemba might have had in his car when it was stolen. Likewise, the "instrumentalities" of the crime could mean little else other than a gun of some sort, since carjacking requires use of a firearm. *See* 18 U.S.C. § 2119. This warrant is therefore similar to the warrant upheld in *Andresen v. Maryland,* 427 U.S. 463, 96 S.Ct. 2737, 49 L.Ed.2d 627 (1976). In *Andresen,* the Supreme Court held that a warrant authorizing seizure of "other fruits, instrumentalities and evidence of crime at this [time] unknown" was sufficiently specific because in context it only referred to the fruits or instrumentalities of the particular crime of false pretenses in the sale of a

particular lot. *Id.* at 479–82, 96 S.Ct. at 2748–49. Similarly, in this case the "fruits and instrumentalities" were limited to those related to "the crime of carjacking." Rather than authorizing the agents to seize anything at their own discretion, the warrant only authorized them to seize items that they could somehow determine were Ziemba's and thus were "fruits" of the crime, or that had been used to commit the carjacking.

## II. Good Faith Exception

■ Even if the warrant was not specific enough, the court should not suppress the evidence because the agents seized it in objectively reasonable reliance on the warrant. *See United States v. Leon,* 468 U.S. 897, 920–22, 104 S.Ct. 3405, 3419–20, 82 L.Ed.2d 677 (1984); *Massachusetts v. Sheppard,* 468 U.S. 981, 987–88, 104 S.Ct. 3424, 3427–28, 82 L.Ed.2d 737 (1984).

■ Robertson's only claim that the agents should not have relied on the warrant is that it was "so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers [could not] reasonably presume it to be valid." *Leon,* 468 U.S. at 923, 104 S.Ct. at 3421. The court must suppress the evidence if "a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *Id.* at 922 n. 23, 104 S.Ct. at 3420 n. 23; *accord Leary,* 846 F.2d at 607.

"A reasonably well-trained officer should know that a warrant must provide guidelines for determining what evidence may be seized." *Leary,* 846 F.2d at 609. However, our discussion of the warrant's specificity demonstrates that the warrant was not obviously too broad. The agents reasonably could have thought that authorizing seizure of "fruits and instrumentalities" of a narrow and simple crime like carjacking was not too broad, especially in light of their inability to list all of Ziemba's household items particularly. *See United States v. Diaz,* 841 F.2d 1, 6 (1st Cir.1988) ("[W]hile the warrant was overbroad ... it was not so facially deficient that [the government agent] could not have reasonably and in good faith believed that it adequately authorized the search he under-

took."); *United States v. Buck,* 813 F.2d 588, 592–93 (2d Cir.) (holding that officers reasonably relied on invalid warrant because they did all they could to comply with the Fourth Amendment and because "the law was unsettled as to how particular the description of the articles to be seized must be"), *cert. denied,* 484 U.S. 857, 108 S.Ct. 167, 98 L.Ed.2d 121 (1987); *United States v. Accardo,* 749 F.2d 1477, 1481 (11th Cir.) (explaining that officers may have relied in good faith on warrant to seize "all corporate records"), *cert. denied,* 491 U.S. 907, 109 S.Ct. 3192, 105 L.Ed.2d 701 (1985).

## III. Ziemba's Identification of His Property

■ Robertson complains that the officers improperly used Ziemba to establish probable cause at the scene. Federal law permitted the agents to use Ziemba's help in executing the search warrant by identifying the items covered by the warrant. *See* 18 U.S.C. § 3105; *United States v. Clouston,* 623 F.2d 485, 486–87 (6th Cir.1980) (per curiam) (holding that government agents properly seized telephone company property identified by assisting telephone company agents, even though warrant did not list telephone company property); *United States v. Schwimmer,* 692 F.Supp. 119, 124, 126–27 (E.D.N.Y.1988) (holding that government agents lawfully had computer expert help identify items that could be seized under warrant). We need not decide whether Ziemba's identification could validate an otherwise invalid warrant by making it more specific, because we do not rely on Ziemba's identification at all in deciding that the warrant was sufficiently specific. *See Lo–Ji Sales, Inc. v. New York,* 442 U.S. 319, 99 S.Ct. 2319, 60 L.Ed.2d 920 (1979) (holding that open-ended warrant was invalid where town justice accompanied officers on search and identified particular obscene items).

■ Robertson also argues that the agents unlawfully extended the search by going to get Ziemba after they had searched the entire apartment and found none of the specific items listed in the warrant. *See Horton v. California,* 496 U.S. 128, 141, 110 S.Ct. 2301, 2310, 110 L.Ed.2d 112 (1990) (ex-

plaining that a search must end once the searchers find all the items listed in a warrant). But before getting Ziemba the agents had found several things that might be Ziemba's and therefore might be "fruits" of the crime listed in the warrant. Even though they had found none of the four specific items, the agents were lawfully continuing their search for fruits of the crime.

## IV. Evidence Outside the Warrant

■ The police seized three items that were not covered by the warrant: the traffic tickets, the gang photos, and the camel head container with ammunition inside. These were not "fruits" of the carjacking because they obviously were not Ziemba's. Nor were they "instrumentalities," because Robertson did not use them in any way to perform the carjacking.

■ The court must suppress the traffic tickets and the photos because the agents were not justified in seizing them without a warrant. The plain view exception to the warrant requirement allowed the police officers to seize the camel head container with ammunition inside, because its "incriminating character" was "immediately apparent." *Horton,* 496 U.S. at 136, 110 S.Ct. at 2308; *accord Coolidge v. New Hampshire,* 403 U.S. 443, 466, 91 S.Ct. 2022, 2038, 29 L.Ed.2d 564 (1971). However, when the agent came across the traffic tickets and the gang photos, he did not then have probable cause to seize them. He did not even know who the person named on the tickets was. He may have had a reasonable suspicion that the gang photos were evidence of crime, but he did not have the required probable cause. *See Arizona v. Hicks,* 480 U.S. 321, 326–27, 107 S.Ct. 1149, 94 L.Ed.2d 347 (1987) (holding that police must have probable cause in order to search or seize evidence in plain view). Nor could the agent seize them and ask Christelle Green about them, because he did not have probable cause for those separate searches and seizures. *See id.*

We therefore hold that the district court correctly denied Robertson's motion to suppress, except for the traffic tickets and photos, and REMAND to the district court for further proceedings consistent with this opinion.