48 F.3d 1232
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order
 Marcus L. ROBERTSON, a/k/a Ice, Petitioner-Appellant.
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-6321.
(D.C. No. CIV-94-734-A)
 United States Court of Appeals, Tenth Circuit.
 Feb. 28, 1995.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Robertson filed this writ of habeas corpus pursuant to 28 U.S.C. 2255, arguing that the imposition of consecutive sentences under 18 U.S.C. 2119 and 18 U.S.C. 924(c) violates the Fifth Amendment's guarantee against double jeopardy and that section 2119, the federal carjacking statute, is unconstitutional. The district court denied his habeas petition, and we affirm.
 
 
 3
 On April 13, 1993, Marcus L. Robertson entered a conditional plea of guilty to carjacking in violation of section 2119 and using a firearm during a crime of violence in violation of section 924(c), reserving the right to appeal the denial of his motion to suppress evidence obtained during the search of his apartment. The district court imposed respective 57 and 60-month sentences to run consecutively. On direct appeal, we substantially upheld the validity of the search of Mr. Robertson's apartment. See United States v. Robertson, 21 F.3d 1030 (10th Cir.1994). Mr. Robertson then filed this habeas petition, which the district court denied. On appeal, Mr. Robertson alleges that the imposition of consecutive sentences violates the Double Jeopardy Clause and that the federal carjacking statute, lacking any rational nexus to interstate commerce, is unconstitutional. We disagree.
 
 
 4
 In United States v. Overstreet, 40 F.3d 1090 (10th Cir.1994), a case factually and legally indistinguishable from the instant one, we held that section 2119 is not unconstitutional and that the imposition of consecutive sentences under sections 2119 and 924(c) does not violate the Double Jeopardy Clause of the Fifth Amendment. Id. at 1092-95. Our holding in Overstreet controls the disposition of this case.
 
 
 5
 In arguing that the imposition of consecutive sentences violates double jeopardy, Mr. Robertson also invokes a lenity argument. The " 'touchstone' of the rule of lenity 'is statutory ambiguity.' " Moskal v. United States, 498 U.S. 103, 108 (1990) (citations omitted). Overstreet resolves any potential ambiguities regarding consecutive sentencing and thereby forecloses Mr. Robertson's lenity argument.
 
 
 6
 We AFFIRM the district court's order. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470