# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 95-4147

_____

| | | |
|---|---|---|
| Dale B. Korkowski; | * | |
| Sherry A. Korkowski, | * | |
| | * | |
| Appellants, | * | |
| | * | |
| v. | * | |
| | * | |
| James A. Clancy; Gary L. | * | Appeal from the United States |
| Reitan; D. A. Orstad; Pamela | * | District Court for the |
| R. Evans; Terry L. Dehmer; | * | District of Minnesota. |
| Hubert H. Humphrey, III, | * | [UNPUBLISHED] |
| Attorney General, State of | * | |
| Minnesota; Scott M. Sandberg, | * | |
| Assistant Wright County | * | |
| Attorney, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: March 31, 1997

Filed: April 4                                                    , 1997

_____

Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Dale B. Korkowski and his daughter, Sherry A. Korkowski, appeal from the district court's[1] adverse grant of summary judgment in their 42 U.S.C. § 1983 action. We affirm.

In July 1989, during an ongoing state investigation into Dale Korkowski's financial affairs, Minnesota law-enforcement officers entered Dale's home with a warrant to search for business records. Minnesota Department of Revenue agents also entered Dale's home and

_____

[1]The Honorable Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota.

conducted the search, during which they seized some items not specifically listed in the warrant. Claiming a Fourth Amendment violation, the Korkowskis filed this section 1983 suit against the law officers; the revenue agents; Wright County, Minnesota; and others. In its order granting summary judgment for defendants, the district court concluded that the Korkowskis had failed to allege a governmental policy resulting in the deprivation of their constitutional rights and that the claim against defendants in their individual capacities failed, as the seizure of items not specifically listed in the warrant and the participation of the revenue agents was not unconstitutional.

We review a grant of summary judgment de novo, applying the same standard as the district court, determining whether the record, when viewed in a light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Earnest v. Courtney, 64 F.3d 365, 366-67 (8th Cir. 1995) (per curiam).

The Korkowskis complained that defendants exceeded the scope of the warrant when they seized a metal box containing birth certificates, personal-injury settlement papers, house-payment records, money orders, and other items; cash; and records pertaining to the business of Dale's wife. After reviewing the warrant and the other summary judgment papers, which include a history of Dale's tax-evasion efforts, we agree with the district court that defendants' seizure of the items at issue did not render the search unconstitutional in these circumstances. See United States v. Accardo, 749 F.2d 1477, 1479 n.3 (8th Cir. 1985) (seizure of all business records was constitutional where suspected offense involved complex fraud scheme), cert. denied, 474 U.S. 949 (1986); Marvin v. United States, 732 F.2d 669, 674-75 (8th Cir. 1984) (unlawful seizure of items outside warrant does not per se render whole search invalid, although flagrant disregard for limitations

of search warrant might make otherwise valid search an impermissible general search).

We also agree with the district court that no Fourth Amendment violation occurred when the revenue agents participated in the search, because they were assisting the officer identified in the warrant. See Ayeni v. Mottola, 35 F.3d 680, 684, 687 (2d Cir. 1994), cert. denied, 115 S. Ct. 1689 (1995); United States v. Robertson, 21 F.3d 1030, 1034 (10th Cir.), cert. denied, 115 S. Ct. 238 (1994); see also 18 U.S.C. § 3105; Minn. Stat. Ann. § 626.13 (West Supp. 1997).

Further, we agree with the district court that the Fourth Amendment claim against the County and the individual defendants in their official capacities fails because the Korkowskis did not allege or show the existence of a governmental custom or policy of violating citizens' Fourth Amendment rights during the execution of search warrants. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); Oklahoma City v. Tuttle, 471 U.S. 808, 818 (1985); Patzner v. Burkett, 779 F.2d 1363, 1366-67 (8th Cir. 1985).

The Korkowskis also argue on appeal that the district court judge was biased against them. We reject this claim. The few conclusory allegations they make as to the judge's conduct fail to show any extra-judicial source of bias or to overcome the general presumption of judicial impartiality. See Liteky v. United States, 510 U.S. 540, 554-55 (1994); United States v. Walker, 920 F.2d 513, 516-17 (8th Cir. 1990).

The judgment is affirmed.

A true copy.

        Attest:

            CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.