In this interlocutory appeal, the defendant, Ronald Keplin, claims that his motion to suppress should have been allowed because the search warrant and affidavit failed to specify with particularity the items to be seized, searched, and examined. In the alternative, the defendant claims that because the warrant allowed for an unrestricted exploratory search of cellular telephones (cell phones), his motion to suppress should have been allowed. We affirm.
Background. The defendant, along with another, was indicted for twenty-one crimes including human trafficking, conspiracy, prostitution, and firearm-related charges. The defendant is alleged to have operated numerous massage parlors, all of which were fronts for prostitution. It is alleged that the defendant solicited customers through advertisements on various Web sites. Several patrons of the massage parlors were questioned by law enforcement officers and admitted that they had paid money to engage in sexual activities. In connection with its investigation, State and Federal law enforcement officers applied for a warrant to search, among other places, the defendant's residence. The warrant also sought authority to seize any evidence on the defendant's person if he was present during the search. The affidavit[2] filed with the application for a search warrant detailed the manner in which the defendant used cell phones to advertise and conduct prostitution-related activities. The affidavit described how cell phones are used in prostitution, human trafficking, and money laundering as well as how digital devices are searched. The affidavit sought the following: "[a]uthorization for any electronic communication devices, storage devices, or recording devices seized pursuant to this warrant to be forensically examined by the Office of the Attorney General-Computer Forensic Laboratory." Attached to the warrant application was an addendum with a more particularized list of items which investigators intended to search. The addendum included the following provision: "If this honorable court allows permission, the computers and other electronic media will be examined by the Massachusetts State Police Detective Unit at the Attorney General's Cyber Crime Laboratory." The warrant was authorized on May 10, 2013, and was executed on May 13, 2013. The defendant's cell phone was seized from him during the execution of the warrant. A forensic analysis of the cell phone showed that the defendant had communicated with others about human trafficking and prostitution.
The defendant filed a motion to suppress, which was denied after a nonevidentiary hearing. A judge of the Superior Court concluded that the defendant's claim that a warrantless search had taken place was without merit. She further concluded that the warrant provided that any seized computers or other electronic media be examined. Seven months thereafter, the defendant filed a motion for reconsideration. In his motion, the defendant repeated his claim that his cell phone had been searched without a warrant. He next argued that the warrant failed to identify with particularity that his cell phone would be seized and searched. Finally, he claimed that the warrant failed to circumscribe the discretion of the investigators who would search the cell phone. The defendant did not claim that the warrant was not supported by probable cause. A nonevidentiary hearing on the defendant's motion for reconsideration was held before the same judge. At the conclusion of the hearing, the judge gave the defendant leave to file a supplement to his motion, which he did. The judge denied the motion for "the reasons set out in the Commonwealth's Opposition Memorandum filed on or about December 2015."
Discussion. a. Standard of review.[3] As the decision of the motion judge was based on documentary evidence rather than witness testimony, we review the facts and the application of the law to the facts de novo. See Commonwealth v. Santana, 477 Mass. 610, 616 (2017).
b. Particularity of the warrant. In order to protect against unreasonable searches and seizures, a guarantee of the Fourth Amendment to the United States Constitution and art. 14 of the Massachusetts Declaration of Rights, "[search] warrants ... [must] be accompanied with a special designation of the persons or objects of search, arrest, or seizure." Commonwealth v. Balicki, 436 Mass. 1, 7 (2002) (quotation omitted). This has become known as the particularity requirement. See Commonwealth v. Molina, 476 Mass. 388, 394 (2017). See also G. L. c. 276, § 2. The defendant claims that because "[t]he degree of specificity ... may necessarily vary according to the circumstances and the type of items involved," Commonwealth v. Freiberg, 405 Mass. 282, 298 (1989) (quotation omitted), law enforcement officers were compelled to identify his particular cell phone in the search warrant before it could be seized. Since they failed to do so, he contends the search was warrantless and thus unconstitutional. The Supreme Judicial Court rejected this same particularity argument in Molina, where the search warrant permitted the seizure of "all computing devices found in the [defendant's] apartment regardless to whom they belonged or where they may have been found." Commonwealth v. Molina, supra at 396. Moreover, in Commonwealth v. Perkins, 478 Mass. 97, 104-106 (2017), a defendant's challenge to the particularity of a search warrant that led to the seizure of nine cell phones was rejected where the police had probable cause to believe the defendant's cell phone was used to commit crimes although they did not know which of the nine belonged to the defendant. Here, the search warrant described the devices to be seized with as much particularity as the law enforcement officers were able to provide at that stage of their investigation. Indeed, a "warrant that describes items to be seized in broad and generic terms may be valid if the description is as specific as circumstances and nature of the activity under investigation permit." United States v. Robertson, 21 F.3d 1030, 1033 (10th Cir. 1994), quoting from United States v. Harris, 903 F.3d 770, 775 (10th Cir. 1990).
The affidavit in support of the warrant also set forth a nexus between the defendant's cell phone and the crimes alleged. See Commonwealth v. Keown, 478 Mass. 232, 238-239 (2017). It described, in detail, how human trafficking and prostitution enterprises operate and in particular, how the defendant used his cell phone, credit cards, motor vehicle, and the Internet in furtherance of these crimes. Contrast Commonwealth v. White, 475 Mass. 583, 590 (2016) (warrant stated general belief that cell phones were commonly used in crime under investigation and failed to develop probable cause that defendant actually used cell phone).
Even accepting as true the defendant's description of the warrant, the motion to suppress was properly denied. In Commonwealth v. Holley, 478 Mass. 508, 525 (2017), the Supreme Judicial Court recently described a warrant as "hardly a model of particularity," and noted that it "did not sufficiently limit the scope of the search." Nonetheless, the court held that the motion to suppress was properly denied as the record lacked evidence as to how the search was conducted and failed to demonstrate that the Commonwealth "capitalize[d] on the lack of particularity in the warrant." Ibid. For all of these reasons, the defendant's claim is without merit.
3. Search of the cell telephone. The defendant next contends that the warrant failed to circumscribe the discretion of law enforcement who searched his cell phone and that therefore it was an unconstitutional general search. The search of a cell phone "may be as extensive as reasonably required to locate the items described in the warrant based on probable cause." Commonwealth v. Dorelas, 473 Mass. 496, 502 (2016) (quotation omitted). The standard that governs the scope of the search is "whether that evidence might reasonably be found in the electronic files searched." Id. at 503 n.13. Here, the search warrant affidavit established probable cause to believe that the defendant used his cell phone as a way to advertise and communicate with customers of the prostitution enterprise, and that the defendant used the cell phone to conduct the financial aspects thereof. Law enforcement officers sought to seize particular types of electronically stored evidence of these activities. A nonexhaustive list of what they sought permission to seize included customer contact information, sales, money owed, sexual acts performed for money, and transactions concerning Internet advertising. In contrast to the defendant's claim that the search was too general, the warrant and affidavit limited the scope of the seizure. First, law enforcement could only search places in the cell phone where evidence related to the described criminal enterprise might reasonably be found. See ibid. Second, law enforcement could only seize evidence related to the crimes under investigation. See ids="6802164" index="15" url="https://cite.case.law/mass/473/496/#p502">id. at 504-505. Moreover, the defendant fails to cite to anything in the record to support his suggestions that law enforcement exploited a deficient search warrant. See Commonwealth v. Woods, 419 Mass. 366, 371-372 (1995) (burden is on appellant to ensure adequate records exists for appellate review). This claim also fails.
Order denying motion to suppress affirmed.

The Commonwealth contends that the defendant failed to preserve the issues presented by this appeal. It contends that the defendant raised the issues for the first time in an untimely motion for reconsideration, and thus the issues are waived. Passing on the question of waiver, as each party has fully briefed the issues, we exercise our discretion to reach the merits in this interlocutory appeal. We may affirm on any grounds evident from the record. See Commonwealth v. Va MengJoe, 40 Mass. App. Ct. 499, 503 n.7 (1996).