**UNITED STATES of America, Appellee,**

**v.**

**Leonard Melvin WEISSER and Nana Hart, Appellants.**

**No. 83–2181.**

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1984.

Decided June 11, 1984.

Rehearing Denied July 16, 1984.

**730**

Thomas E. Dittmeier, U.S. Atty., St. Louis, Mo., Kathianne Knaup Crane, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Tom D. Adams and Philip H. Dellasega, Columbia, Ill., for appellants.

Before ROSS, JOHN R. GIBSON and BOWMAN, Circuit Judges.

ROSS, Circuit Judge.

The defendants, Weisser and Hart, appeal from guilty verdicts on two counts charging them with transporting four falsely made and forged securities in violation of 18 U.S.C. § 2314 and for selling these securities knowing them to have been falsely made and forged in violation of 18 U.S.C. § 2315.[1]

On appeal Weisser and Hart allege numerous grounds for reversal. We affirm the conviction.

**Facts**

On December 17, 1982, Flinn's Market was burglarized and 465 blank Travelers Express money orders were taken. Donna Niemann, a state probationer was allegedly contacted by Weisser in March of 1983 about the purchase of some checks made out for $175.00. Niemann contacted a Detective Eichelberger who set up a meeting with Special Agent Steffen. Niemann became an informant and thereafter wore recording and transmitting devices. She was monitored by the police and Secret Service when she dealt with Weisser and later with Hart.

Weisser offered to get Niemann checks in exchange for $250.00 and her truck. Weisser did not show up with the checks at the scheduled time as he had originally promised. Instead, Neimann met at a later date with Nana Hart and Weisser. Hart

---

**1.** Weisser was also charged with a third count but was found not guilty by the jury.

stated she had four $145.00 money orders and that others were distributed elsewhere. Niemann paid Hart for the money orders and Hart gave part of the money to Weisser. It was agreed that Niemann would buy more money orders the following week.

Weisser was arrested and two of the $50 bills on him at the time of the arrest were those photocopied by detectives before Niemann was given the payoff money. Hart's home was searched pursuant to a search warrant and 88 Travelers Express money orders filled in with various amounts were found. Also, a note was found that appeared to be a tally of the checks and their individual amounts. The money orders picked up by Niemann and those at Hart's house were those stolen from Flinn's grocery.

### "Forged" and "Falsely Made" Securities

■ Weisser and Hart argue that the Travelers Express money orders in question were not "securities" under the statutes charged and were not "forged and falsely made" within the definition of the law. 18 U.S.C. § 2311 specifically enumerates notes, bonds, stock certificates, travelers checks, evidence of indebtedness, and other documents as "securities" under that section of the Code. "Money orders" are not specifically included.

Appellants argue that to be a security, a document must be sufficiently complete on its face to create such evidence of an obligation of payment that an innocent person would accept the same to his or her prejudice in reliance thereon. *Pines v. United States,* 123 F.2d 825, 828 (8th Cir.1941). Weisser and Hart analogyze their case to the situation in *United States v. Jackson,* 576 F.2d 749 (8th Cir.), *cert. denied,* 439 U.S. 858, 99 S.Ct. 175, 58 L.Ed.2d 167 (1978) where the court held that blank stock certificates in their incomplete form were not "securities" under section 2311.

We agree with the government that these money orders are "evidence of indebtedness" and thus a security under the statute. *United States v. Buckles,* 495 F.2d 1377, 1379 (8th Cir.1974). We think that *Buckles* is controlling in this case. First, a Travelers Express money order is valid when imprinted with an amount on a machine furnished by Travelers Express. *United States v. Smith,* 452 F.2d 638, 640 (4th Cir.1971), *cert. denied,* 406 U.S. 910, 92 S.Ct. 1617, 31 L.Ed.2d 822 (1972). Here, an unauthorized machine was used to imprint the checks. This meets the "falsely made" or "forged" definition of the statute, and such insertion was done with the intent to defraud as required by the statute. Consequently, we affirm on this issue.

### Evidence on Electronic Surveillance Tapes

Appellants next argue that the district court erred in admitting into evidence that portion of the government's original and composite electronic surveillance tapes of March 11, 1983, which contained evidence of other crimes similar to those charged in count II of the indictment.

The government provided defendants with copies of the original and composite tapes. However, shortly before trial a new tape emerged in which Niemann spoke of "other crimes." Defense counsel requested suppression of that portion of the tapes because of surprise and prejudice. The conversation was between Hart and Niemann, but Hart used the word "we" in her conversation.

In Hart's case, and especially in Weisser's case, it is argued the "other crimes" evidence is not admissible, because it is not "clear and convincing." *United States v. Calvert,* 523 F.2d 895 (8th Cir.1975), *cert. denied,* 424 U.S. 911, 96 S.Ct. 1106, 47 L.Ed.2d 314 (1976); *United States v. Oliver,* 525 F.2d 731 (8th Cir.1975), *cert. denied,* 424 U.S. 973, 96 S.Ct. 1477, 47 L.Ed.2d 743 (1976).

■ The government argues that this evidence is admissible, since it furnishes evidence of part of the context of the crime. *See United States v. Masters,* 622 F.2d 83 (4th Cir.1980). The statements objected to were part of the *res gestae* and therefore admissible. *United States v. Moore,* 735

F.2d 289 (8th Cir.1984); *United States v. Howard,* 504 F.2d 1281, 1284 (8th Cir.1974). We hold that under *Howard,* this tape was admissible to show scheme, intent and state of mind.

## Jury Instructions

Hart and Weisser argue that it was reversible error to give Instruction No. 24 on constructive possession of property.

■ Instruction No. 23, tendered by the government and correctly given by the court, defined constructive possession as follows:

> A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

Instruction No. 24, based upon *United States v. Jones,* 308 F.2d 26 (2d Cir.1962), reads as follows:

> A person having a working relationship or a sufficient association with those having physical custody of the money orders so as to enable him to assure their production, without difficulty, to a customer as a matter of course has constructive possession. You may find a defendant has constructive possession of money orders if you find he had set the price for the money orders, had the final say as to the means of transfer, or was able to assure delivery.

Hart and Weisser argue that Instruction No. 24 was duplicitous of and conflicted with Instruction No. 23, that the element of intent should have been included, that the evidence was insufficient to support it, and that the instruction was prejudicial to both defendants. We disagree. The district court correctly applied the law to the facts, and the evidence was sufficient to support this instruction. The jury instructions

when viewed as a whole were sufficient. *See United States v. Parisien,* 574 F.2d 974, 977 (8th Cir.), *cert. denied,* 439 U.S. 850, 99 S.Ct. 154, 58 L.Ed.2d 154 (1978); *United States v. Fallen,* 498 F.2d 172, 177 (8th Cir.1974). We have reviewed the remaining alleged errors regarding jury instructions and find them to be without merit.

## Probable Cause to Issue a Search Warrant

Next, Hart and Weisser argue that the box of 88 money orders and the note should have been suppressed. Defendants submit that no probable cause existed to issue the search warrant even under *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The affidavit, it is alleged, is based entirely on hearsay and contained no allegations of personal knowledge or first-hand observation.

■ The district court properly refused to quash the search warrant and suppress the evidence seized. The special agent who helped with visual surveillance and monitoring stated in his affidavit the facts of the burglary, his personal belief, a review of the evidence, and interviews with witnesses.

As we recently stated: "Probable cause to search requires (1) a finding of probability of criminal activity, and (2) a finding or probability of concealment of evidence on specific premises." *United States v. Apker,* 705 F.2d 293, 303 (8th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 996, 79 L.Ed.2d 229 (1984). We agree that the facts in this case were sufficiently trustworthy and under the "totality of the circumstances" probable cause existed.[2] *Illinois v. Gates, supra.*

We have reviewed the remaining contentions on appeal and find them to be without merit. Accordingly, we affirm the district court.

---

**2.** Weisser and Hart also allege that "false statements" were made in violation of *Franks v. Delaware,* 438 U.S. 154, 156, 98 S.Ct. 2674, 2676,

57 L.Ed.2d 667 (1978). We find no merit to this contention.