**UNITED STATES of America, Appellee,**

v.

**Earl R. NICHOLSON, D.C., Appellant.**

No. 85–2396.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1986.

Decided April 3, 1987.

Irl Baris, St. Louis, Mo., for appellant.

Dean Hoag, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before WOLLMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and MAGILL, Circuit Judge.

WOLLMAN, Circuit Judge.

Earl R. Nicholson appeals from a final judgment of the district court[1] upon a jury verdict finding him guilty on two counts of mail fraud. 18 U.S.C. §§ 2, 1341 (1982). The issues in this appeal are, first, whether the government's exercise of its peremptory challenges to strike black jurors violated Nicholson's sixth and fourteenth amendment rights and, second, whether the district court erred in admitting (a) certain audio tape recordings because of their poor quality, (b) certain documents and tape recorded conversations because they were hearsay, and (c) the testimony of a handwriting expert.

This case is the result of a United States Postal Service investigation into fraudulent activity related to the filing of personal injury claims with insurance companies. Two postal inspectors, posing as persons injured in an automobile accident, presented themselves at the office of Nicholson, a chiropractor. Nicholson referred the couple to a local attorney and subsequently treated their alleged injuries, submitting their medical bills and reports to the attorney. According to the postal inspectors' testimony, the medical bills and reports reflected a greater number of treatments than actually were administered. The attorney submitted Nicholson's bills and reports to an insurance company and obtained a settlement, from which Nicholson was compensated. The mails were utilized in the submission of the medical bills and reports to the insurance company and in

the receipt of the payment draft from the insurance company.

■ Nicholson's first contention is that the prosecution exercised its peremptory challenges in a manner that violated his sixth and fourteenth amendment rights. Because Nicholson is entitled to the benefit of the Supreme Court's decision in *Batson v. Kentucky,* —— U.S. ——, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), *see Griffith v. Kentucky,* —— U.S. ——, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987), we must remand the case to the district court for evaluation of Nicholson's challenge to the jury selection process.

Turning to the remainder of the issues raised by the appeal, Nicholson's second argument is that the district court erred in admitting certain audio tape recordings because of their poor quality. The admission of tape recordings containing inaudible material is within the sound discretion of the trial court. *United States v. Grego,* 724 F.2d 701, 704 (8th Cir.1984); *United States v. Bell,* 651 F.2d 1255, 1258–59 (8th Cir. 1981); *United States v. Young,* 488 F.2d 1211, 1214 (8th Cir.1973). In *Young,* 488 F.2d at 1214, the court articulated the standard for evaluating poor quality tapes: "Should the garbled portions be so substantial, in view of the purpose for which the tapes were offered, as to render the recording as a whole untrustworthy, admissibility will be denied." Furthermore, the assertion of error based on the prosecution's selective playing of tape recordings is also a question to be evaluated under the abuse of discretion standard. *United States v. Howard,* 504 F.2d 1281, 1287 (8th Cir.1974).

■ Nicholson argues that such a large portion of the tapes was inaudible that the tapes were untrustworthy evidence. He further argues that the portions that the prosecution chose to play were taken out of context and gave improper emphasis to the prosecution's position. When questions concerning the quality of tapes are raised before the trial it will

---

1. The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.

frequently assist the trial court to evaluate the tapes before trial. *See, e.g., Bell,* 651 F.2d at 1258–59 (trial judge listened to tapes before trial). We disagree with any suggestion, however, that a failure to do so necessarily indicates an abuse of discretion. There is no disagreement that considerable portions of these tapes were inaudible, but some portions of the tapes were understandable. Furthermore, both parties had the opportunity to argue to the jury their versions of what was contained on the inaudible portions. The closing arguments of both sides addressed the quality of the tapes. Although the trial judge stated that the tapes were some of the worst tapes he had ever heard, he did not believe that they were completely unintelligible or that the portions played for the jury were being taken out of context or were giving false impressions. We conclude that the inaudibility of portions of the tapes did not render them untrustworthy as a whole. Consequently, the trial court did not abuse its discretion in admitting the tapes into evidence.

Nicholson next argues that the district court erred in admitting certain documents, consisting primarily of letters from the attorney to the insurance company, and taped conversations between the postal inspectors and the attorney because they were hearsay. We do not agree. The rule against hearsay does not operate unless the challenged material is "offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). Moreover, this court has held on several occasions that evidence may be admissible "for the purpose of providing the context in which the crime occurred, i.e., the *res gestae.*" *United States v. Moore,* 735 F.2d 289, 292 (8th Cir.1984) (per curiam); *see United States v. Weisser,* 737 F.2d 729, 731–32 (8th Cir.1984), *cert. denied,* 469 U.S. 1158, 105 S.Ct. 904, 83 L.Ed.2d 919 (1985); *United States v. Howard,* 504 F.2d 1281, 1283–84 (8th Cir.1974). For instance, in *Weisser,* 737 F.2d at 732, the court admitted evidence of the context of the crime to show scheme, intent, and state of mind. In *Moore,* 735 F.2d at 292, the court stated: "A jury is entitled to know the circum-

stances and background of a criminal charge. It cannot be expected to make its decision in a void—without knowledge of the time, place, and circumstances of the acts which form the basis of the charge." *See United States v. Masters,* 622 F.2d 83, 86 (4th Cir.1980).

Nicholson was charged with devising and executing a "scheme and artifice to defraud." Although he was not charged with conspiracy, the scheme was alleged to include the attorney's mailing of the insurance claims along with the overstated medical bills to the insurance company. We believe the documents and the taped conversations were evidence of the context of the crime that were used to show the existence of a scheme and artifice to defraud. Used in this manner, the materials were the type of evidence that could have assisted the jury in learning the circumstances and background of the fraud charges against Nicholson. Consequently, the trial court did not err in admitting the documents and taped conversations.

Nicholson's final argument is that the trial court erred in admitting the testimony of a handwriting expert after first excluding it. Our review of the briefs and arguments on this issue satisfies us that the trial court committed no reversible error in admitting the testimony.

The judgment of the district court is vacated and the case is remanded to the district court with directions to hold a hearing in accordance with the directions set forth in *United States v. Jimmie L. Wilson,* 815 F.2d 52 (8th Cir.1987).

We direct that our mandate issue forthwith.

It is so ordered.