RICHARD FRANCIS LaPIERRE, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 22466

August 5, 1992                                    836 P.2d 56

---

*Morgan D. Harris,* Public Defender, and *Howard S. Brooks,* Deputy Public Defender, Clark County, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Rex Bell,* District Attorney; and *James Tufteland* and *John P. Lukens,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

*Per Curiam:*

### FACTS

In 1984, Richard LaPierre (Richard) and his wife, Maria

LaPierre (Maria), allowed Maria's granddaughter to come live with them. The child had been in and out of foster homes for approximately two years. In March 1986, the LaPierres adopted the little girl.

In June 1989, the marriage ended and Richard moved out of the residence. Within three weeks, the child (who was nearly nine years old at the time) told her uncle that Richard had been molesting her. Richard was initially charged with eleven counts of sexual assault with a minor under fourteen years of age. Counts I through X charged digital penetration of the little girl's vagina; count XI charged penile penetration of her vagina. After a jury trial, Richard was acquitted of count XI. However, the jury was deadlocked on the other ten counts, and Richard was tried a second time on counts I through X in the current case. The jury found him guilty of all ten counts and he was sentenced to life with the possibility of parole on all counts. The sentences on counts I through IV run consecutively; the remaining sentences run concurrently.

## INSUFFICIENCY OF THE EVIDENCE ON FIVE COUNTS

Richard's first argument on appeal is that there was insufficient evidence to convict him of all ten counts. The standard of review for sufficiency of the evidence upon appeal is whether the jury, acting reasonably, could have been convinced of the defendant's guilt beyond a reasonable doubt. Edwards v. State, 90 Nev. 255, 258-59, 524 P.2d 328, 331 (1974). Where there is substantial evidence to support the jury's verdict, the verdict will not be upset on appeal. Bolden v. State, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981).

Richard argues that the victim only testified with particularity to four incidents of sexual assault and therefore six of the convictions should be vacated. Our reading of the record indicates that the victim testified with particularity to five incidents, not four. The first incident occurred while the child was watching television and the second incident occurred the next day. The third incident occurred when Richard called her into his bedroom. The fourth and fifth incidents occurred on the Saturday and Sunday of the weekend before Richard permanently left the family residence.

What concerns us is the victim's testimony regarding the remaining five counts. When the child was asked at trial how many times Richard assaulted her, she answered, "Ten or more." When asked how she knew that was the number, she replied, "Because he was doing—I don't know. I know it's ten or more

because he was doing it up until he left." When she was asked later if she was absolutely sure how many times it happened, she answered, "No, I'm not absolutely sure. That's why I said ten or more." It is important to note that during oral argument before this court, the State conceded that there was insufficient evidence to convict Richard of all the counts and stipulated to vacating five of the ten counts of conviction.

We have repeatedly held that the testimony of a sexual assault victim alone is sufficient to uphold a conviction. *See, e.g.,* Deeds v. State, 97 Nev. 216, 217, 626 P.2d 271, 272 (1981); Henderson v. State, 95 Nev. 324, 326, 594 P.2d 712, 713 (1979). However, the victim must testify with *some* particularity regarding the incident in order to uphold the charge. We are cognizant that child victims are often unable to articulate specific times of events and are oftentimes reluctant to report the abuse to anyone until quite some time after the incident. Cunningham v. State, 100 Nev. 396, 400, 683 P.2d 500, 502 (1984). We also understand that it is difficult for a child victim to recall exact instances when the abuse occurs repeatedly over a period of time. We do not require that the victim specify exact numbers of incidents, but there must be some reliable indicia that the number of acts charged actually occurred. In this case, the child's testimony consisted of her speculation that it must have happened at least ten times. Something more is required to support a conviction. If the victim in this case had testified that the incidents occurred every weekend for the period of time Richard resided in the family home or that he assaulted her nearly every weekend, we might view this case differently. Here, however, the victim's testimony consisted of mere conjecture regarding five of the counts. We agree with Richard that the victim's testimony regarding five of the counts was not supported by sufficient evidence and hereby vacate five of the convictions.

### PRIOR INCONSISTENT STATEMENT OF A WITNESS

Prior to trial, Richard moved *in limine* to allow impeachment testimony on the issue of whether Maria had told anyone that the victim had been sexually abused while in foster care. The defense expected Maria to deny making any statements regarding prior sexual abuse of the child, and indeed, at trial she did so deny making any such statement. Two witnesses made an offer of proof that Maria had told them that the child had been sexually abused while in foster care. Richard wished to introduce the testimony for impeachment purposes. The district court denied the motion without stating the grounds for the denial. On appeal, Richard argues that the prior inconsistent statement should have been admitted. We agree.

NRS 50.135[1] allows the introduction of a prior contradictory statement of a witness. Here, Maria was on the witness stand and available to explain or deny the alleged previous statement; both the defense and the prosecution had an opportunity to interrogate her regarding the statement. The inconsistent statement was also admissible as substantive evidence that the victim had previously been sexually abused while in foster care. *See* NRS 51.035(2)(a);[2] Miranda v. State, 101 Nev. 562, 567, 707 P.2d 1121, 1124 (1985).

We therefore conclude that the district court erred in refusing to admit Maria's prior inconsistent statement.

## ACQUITTAL EVIDENCE

Prior to trial, Richard moved for the exclusion of any testimony regarding penile penetration of the victim, as he had been acquitted of that act. The district court judge refused to exclude the testimony on the basis that exclusion would require the witnesses to change their testimony and he was unwilling to direct the witnesses to alter their statements.

During the trial, two witnesses testified as to penile penetration. The first witness was Dr. Zak, the victim's examining physician. She stated that during examination, the child was concerned about being pregnant and told her that "the penis had been put inside of her vagina." Due to the physical condition of the child's vagina, Dr. Zak concluded in court that she had probably been penetrated by a penis. At this point, the district court informed the jury that the victim's statements to Dr. Zak were so interconnected that they could not be reasonably excised from the witness' testimony and advised the jury that Richard was not being charged with penile penetration. The second witness was a Las Vegas police officer, who testified that she had read the

---

[1]NRS 50.135 provides in relevant part:

   2. Extrinsic evidence of a prior contradictory statement by a witness is inadmissible unless:

   . . . .

   (b) The witness is afforded an opportunity to explain or deny the statement and the opposite party is afforded an opportunity to interrogate him thereon.

[2]NRS 51.035 provides in relevant part:

   "Hearsay" means a statement offered in evidence to prove the truth of the matter asserted unless:

   . . . .

   2. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is:
   (a) Inconsistent with his testimony;

   . . . .

doctor's report which indicated that Richard had penetrated the child with his penis. The district court did not repeat the cautionary instruction.

Under certain circumstances, evidence of another crime may be introduced at trial under the "complete story of the crime" doctrine. *See* NRS 48.035;[3] Cirillo v. State, 96 Nev. 489, 493, 611 P.2d 1093, 1095 (1980). The doctrine is inapplicable here. Both Dr. Zak and the police officer easily could have tailored their testimony to omit any reference to penile penetration. Mention of penile penetration was not a necessary detail of either witness' testimony, nor was it crucial to the jury's understanding of the interactions which transpired between the child and the physician and the child and the police officer.

## CONCLUSION

The level of prejudice to Richard arising from the admission of the acquittal evidence, along with the district court's erroneous denial of Maria's prior inconsistent statement, requires reversal of the remaining five counts of conviction.

We therefore vacate five counts of conviction for insufficient evidence, reverse five counts of conviction and remand for a re-trial on the reversed counts only.

---

[3]NRS 48.035 provides in relevant part:

> 3. Evidence of another act or crime which is so closely related to an act in controversy or a crime charged that an ordinary witness cannot describe the act in controversy or the crime charged without referring to the other act or crime shall not be excluded . . . .

These statements regarding the act of which Richard was acquitted were inadmissible under the complete story of the crime doctrine. We hold that the admission of the statements was error.