An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RICHARD LOVERREN VAN HORN, III,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63069

FILED

JUL 17 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of 5 counts of sexual assault of a minor under 14 years of age and 4 counts of lewdness with a child under 14 years of age. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

Police arrested appellant Richard Van Horn in a Las Vegas park after he was caught receiving fellatio from a child under the age of 14. The child, A.R., was about 11 years old at the time. Both Van Horn and A.R. lived with A.R.'s mother, who was in a relationship with Van Horn. A.R. later testified that she began engaging in sexual acts with Van Horn after she asked him how she could persuade him to continue living with her and her mother. The State charged Van Horn with multiple counts of sexual assault of a minor under the age of 14 and lewdness with a child under the age of 14. Van Horn was convicted pursuant to a jury verdict.

*Sufficiency of the evidence*

Van Horn argues that there was insufficient evidence to support the convictions because A.R.'s testimony was inconsistent, evidence was contradictory, and his alleged confession to police was

SUPREME COURT
OF
NEVADA

(O) 1947A

15-21651

involuntary. He argues that, without evidence in addition to A.R.'s inconsistent testimony, there was insufficient evidence to convict.

"When reviewing a criminal conviction for sufficiency of the evidence, this court determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt when viewing the evidence in the light most favorable to the prosecution." *Brass v. State*, 128 Nev., Adv. Op. 68, 291 P.3d 145, 149-50 (2012). "'This court will not reweigh the evidence or evaluate the credibility of witnesses because that is the responsibility of the trier of fact.'" *Clancy v. State*, 129 Nev., Adv. Op 89, 313 P.3d 226, 231 (2013) (quoting *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008)).

This court has "repeatedly held that the testimony of a sexual assault victim alone is sufficient to uphold a conviction." *LaPierre v. State*, 108 Nev. 528, 531, 836 P.2d 56, 58 (1992). Therefore, in this case, the evidence was sufficient so long as A.R. testified to each count.

Nevertheless, there must be separate, particularized testimony supporting each count. *See id.* ("[T]he victim must testify with *some* particularity regarding the incident in order to uphold the charge."). Convictions for sexual abuse and lewdness arising out of the same set of acts are impermissibly redundant when there is no testimony as to the specific sequence of events. *See Gaxiola v. State*, 121 Nev. 638, 652, 119 P.3d 1225, 1235 (2005) (reversing lewdness conviction where "it is impossible to determine whether the lewdness was incidental to the sexual assault because the child did not testify regarding the sequence of events"). However, if the testimony shows the completion of an act and the beginning of a different act, interrupted by some (however small) period of time, then the conviction may stand. *Cf. Wright v. State*, 106

Nev. 647, 650, 799 P.2d 548, 549 (1990) ("The testimony of the victim established that between the attempted and completed assaults, Wright stopped and waited while a car passed."). In *Crowley v. State*, this court held that the defendant's "actions were not separate and distinct" where the defendant's "touching the victim's penis on the outside of his pants was a prelude to touching the victim's penis inside his underwear." 120 Nev. 30, 34, 83 P.3d 282, 285 (2004). The court reasoned that the defendant "sought to arouse the victim and create willingness to engage in sexual conduct." *Id.*

Here, A.R. testified to at least five distinct incidents of fellatio:

- In her garage;
- In her kitchen;
- In Van Horn's car, while he was driving;
- In Van Horn's car while parked at Durango Hills Park;
- In Van Horn's car while parked at another, unspecified location.

In contrast, the four lewdness counts are not clearly distinguished. A.R.'s testimony regarding Van Horn's fondling of her breasts and genitals is vague. Her testimony only distinguishes between touching of the breasts and genitals. Hence, her testimony justifies two counts, not four. A.R.'s statement that the acts occurred multiple times per month is insufficient to justify more convictions. *See LaPierre*, 108 Nev. at 531, 836 P.2d at 58 (stating that something more than a child's speculation is needed to establish the number of incidents that occurred).

Because A.R.'s testimony only reveals two distinct acts of lewdness, a rational trier of fact could only convict Van Horn of two lewdness counts. We therefore reverse two of the four lewdness convictions.

*Van Horn's statements to police*

The district court did not err by admitting Van Horn's statements to police. First, Van Horn argues that his waiver of his *Miranda* rights was not valid because he was hungry and tired, the officers were coercive, and he suffered from an anxiety disorder. *See Miranda v. Arizona*, 384 U.S. 436 (1966). Yet Van Horn's three affirmative responses after being Mirandized show that he intelligently, knowingly, and voluntarily waived his *Miranda* rights.

Second, Van Horn argues that police detectives violated his right to remain silent by questioning him after he said that he did not want to talk anymore. But he never unambiguously stated that he did not wish to speak any more. Therefore, the district court had substantial evidence to conclude that Van Horn did not invoke his right counsel. *See Berghuis v. Thompkins*, 560 U.S. 370, 382 (2010) (requiring simple, unambiguous statement). Likewise, nothing in the record contradicts the district court's determination that Van Horn's statements were voluntarily made.

Third, Van Horn argues that the many omissions in the interrogation transcript made the entire statement unreliable and inadmissible. Whether a recording is admissible is reviewed for abuse of discretion. *United States v. Lane*, 514 F.2d 22, 27 (9th Cir. 1975). "A recorded conversation is generally admitted unless the unintelligible portions are so substantial that the recording as a whole is untrustworthy." *Id.* Courts have held that "a partially unintelligible tape is admissible unless the audible portions of the tape are so incomplete the tape's relevance is destroyed." *People v. Polk*, 54 Cal. Rptr. 2d 921, 926 (Ct. App. 1996). Even if some portions of a recording are inaudible, the

audible portions may still be admissible as probative evidence, provided that enough of the recording is audible to show that it is on the whole trustworthy. *See Lane*, 514 F.2d at 27. Furthermore, both sides may argue to the judge or jury what the inaudible portions might have contained. *United States v. Nicholson*, 815 F.2d 61, 63 (8th Cir. 1987).

Here, parts of the recording are audible, such as Van Horn's clear responses when he is asked if he understands his *Miranda* rights. It is true, as Van Horn argues that there are significant omissions. But omissions alone do not cast doubt on the overall trustworthiness of a transcript or recording. *See Lane*, 514 F.2d at 27. And the parties were free to argue the content of the omissions to the judge and jury. *See Nicholson*, 815 F.2d at 63. Therefore, the district court did not abuse its discretion by admitting statements made during the custodial interrogation.

*Prosecutorial misconduct*

Van Horn argues that prosecutors committed misconduct by (1) mentioning that A.R.'s mother paid some of his legal expenses, (2) disparaging him in arguments, and (3) violating *Brady* obligations and Nevada law by not informing him of some of A.R.'s contradictory testimony.

First, Van Horn is incorrect that references to the retention of counsel are categorically improper. *See Bruno v. Rushen*, 721 F.2d 1193, 1194 (9th Cir. 1983).

Second, the State did not disparage Van Horn by referencing his age. The prosecutor was appealing to common experience by arguing that an 11-year-old girl would probably not consent to a sexual relationship with a 50-year-old man. Jurors may consider life experience

and general knowledge in forming their opinions. *Maestas v. State*, 128 Nev., Adv. Op. 12, 275 P.3d 74, 84 (2012).

Finally, the State did not violate *Brady v. Maryland*, 373 U.S. 83, 87 (1963), or Nevada law. Federal courts have held that there is no *Brady* violation as long as the evidence is disclosed before the defense can no longer use it. *See, e.g., Madsen v. Dormire*, 137 F.3d 602, 605 (8th Cir. 1998). Here, the defense discovered A.R.'s new disclosure during opening arguments and was able to cross-examine A.R. regarding it.

NRS 171.1965(1)(a) requires disclosure, at least five days before a preliminary examination, of "written or recorded statements made by a witness or witnesses, or any reports of statements or confessions, or copies thereof, within the possession or custody of the prosecuting attorney." And NRS 174.235(1)(a) requires disclosure, at the request of the defendant, of "written or recorded statements made by a witness the prosecuting attorney intends to call during the case in chief of the State, or copies thereof."

In this case, the record does not show a written or recorded statement taken by the prosecution before trial that included A.R.'s expected testimony. If a simple conversation with A.R. revealed more information, the defense could have also interviewed her. But a simple conversation is not a "written or recorded statement[ ]." NRS 174.235(1)(a). Therefore, the State did not violate NRS 174.235(1)(a) or NRS 171.1965(1)(a).

*Van Horn's other arguments*

We conclude that Van Horn's other arguments lack merit. Van Horn argues that the justice court should have continued the preliminary hearing for further competency proceedings because defense counsel was unable to communicate with Van Horn. The court did not abuse its discretion in denying Van Horn's request. He did not show changed circumstances or new evidence, and the justice court applied the correct legal standard when it noted that the circumstances of Van Horn's competency had not changed. *See People v. Huggins*, 131 P.3d 995, 1028 (Cal. 2006).

We reject Van Horn's argument that the district court abused its discretion by giving improper jury instructions. Sexual seduction is not a lesser-included offense of sexual assault because the elements of each crime are different. *See Smith v. State,* 120 Nev. 944, 946, 102 P.3d 569, 571 (2004). Thus, Van Horn was not entitled to a jury instruction on sexual seduction. In addition, the court correctly instructed the jury that consent is not a defense to lewdness. *See State v. Koseck,* 113 Nev. 477, 479, 936 P.2d 836, 838 (1997) (stating that lewdness "is a felony even if the sex was consensual"). Finally, the district court did not err by refusing to give Van Horn's proposed instruction on two reasonable interpretations of the evidence because the court had properly instructed the jury on reasonable doubt. *See Hooper v. State*, 95 Nev. 924, 927, 604 P.2d 115, 117 (1979).

The district court also did not err when it refused Van Horn's motion to ban the use of the term "victim" during trial. Just as when the term is used in Nevada statutes, *see* NRS 50.090, the term "victim" simply helped define sexual assault and lewdness in general terms. *See Server v.*

*Mizell*, 902 F.2d 611, 615 (7th Cir. 1990) ("The wording of the instructions merely posits that if an act of sexual conduct or sexual penetration occurred, it must have been perpetrated on a victim.").

Van Horn argues that the district court erred by preventing him from asking the interrogating officer whether Van Horn had told the officer that he had been held in a police car, with the windows up, before questioning. The question asked for hearsay because defense sought to prove that Van Horn was actually held in a police car. And the statement does not qualify for the mental state exception because whether Van Horn told the interrogating officer that he had been in a police car is a recollection explaining a mental state (i.e., why he felt tired or hungry), not a statement of his current mental state. *See Wagner v. Cnty. of Maricopa*, 747 F.3d 1048, 1052-53 (9th Cir. 2013). Therefore, the district court did not abuse its discretion by excluding the hearsay statement.

The district court did not commit plain error by admitting photographs of A.R. and Van Horn. It is not plain from the record, and Van Horn does not explain, how the photographs were inflammatory, especially considering that the jury observed A.R. and Van Horn during trial. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court.").

Van Horn argues that the district court abused its discretion by overruling the defense objections to (1) A.R.'s testimony that she performed fellatio on Van Horn to prevent him from leaving her mother and (2) the prosecution mentioning A.R.'s statement that she comforted her mother when her mother was upset with Van Horn. But this evidence and argument was introduced to show A.R.'s motive to perform fellatio,

not to show that Van Horn was guilty of sexual assault. Further, Van Horn does not explain the connection between one who would leave a relationship and the character of one who sexually assaults children. We conclude that the district court did not abuse its discretion by admitting the evidence. *See Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008) (stating that a district court's decision to admit or exclude evidence is reviewed for an abuse of discretion).

As for cumulative error, we have concluded that there was insufficient evidence to support two of the four lewdness convictions. Van Horn did not show that any other errors affected trial so as to cast doubt on his other convictions. Thus, there is no cumulative error affecting his remaining convictions. Accordingly, we

ORDER the judgment of the district court REVERSED IN PART as to two lewdness counts AND AFFIRMED in all other respects AND REMAND this matter for the entry of an amended judgment of conviction consistent with this order.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Douglas W. Herndon, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A