An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

PHILIP SALVATORE ZANGHI,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66009

**FILED**

NOV 1 3 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER AFFIRMING IN PART,*
*REVERSING IN PART AND REMANDING*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of seven counts of lewdness with a child under the age of 14, two counts of sexual assault of a minor under the age of 14, and two counts of open or gross lewdness. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

Appellant Philip Salvatore Zanghi argues first that the district court erred by allowing testimony regarding uncharged bad acts that occurred in California. We discern no plain error. *See Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008) (reviewing unobjected-to error for plain error affecting the defendant's substantial rights). The victim's mother testified that, while on vacation in California, the victim disclosed to her that Zanghi had been sexually abusing her, but the mother's testimony did not clearly specify that the victim's disclosure related to sexual abuse occurring in Nevada rather than in California. After an inquiry into this testimony by the parties, the district court specifically instructed them not to elicit testimony about an uncharged sexual incident that occurred in California, and the testimony of the victim and the other witnesses referred only to the charged acts that

SUPREME COURT
OF
NEVADA

(O) 1947A

15-34671

occurred in Nevada. Therefore, we conclude that Zanghi has failed to show any error by the district court affecting his substantial rights.

Second, Zanghi contends that the district court plainly erred by failing to halt the trial and order a competency evaluation after the district court expressed concerns about his competency in the middle of trial. We disagree with Zanghi's characterization of the record. The record reflects that, after Zanghi indicated his desire to cause a mistrial and to not be present during part of the trial, the district court discussed with the parties the proper procedure to ensure the record reflected that Zanghi's absence was voluntary and to allow him the opportunity to assist his attorney despite his absence at trial.[1] Zanghi provides no authority for his contention that the district court was required to sua sponte order a competency hearing in the middle of trial under these circumstances. Therefore, we conclude that Zhangi has failed to show any error, plain or otherwise, by the district court.

Third, Zanghi argues that two of his lewdness convictions (counts 1 and 8) are duplicative and violate double jeopardy principles because they are based on the same conduct. We agree that these convictions are duplicative to the extent that the evidence supports only one of the convictions. Counts 1 and 8 alleged that Zanghi committed lewdness with a child by kissing the victim on the mouth and inserting his tongue. The victim testified at trial about only one occasion when this occurred. Therefore, because the evidence did not establish that Zanghi's

---

[1]While the district court used the word "competency" during this discussion, the district court in no way expressed concern about Zanghi's competency to stand trial.

 

conviction under counts 1 and 8 were based on two separate acts, we reverse his conviction on count 8 for lewdness with a child under the age of 14.

Fourth, Zanghi argues that insufficient evidence was adduced at trial to support the remaining convictions because there was no physical evidence to corroborate the victim's allegations and because the victim initially denied that any abuse had occurred. It is well settled that the victim's testimony alone is sufficient to sustain a conviction, *LaPierre v. State*, 108 Nev. 528, 531, 836 P.2d 56, 58 (1992), and it is for the jury to determine the weight of the evidence and credibility of a witness, *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992). Thus, Zanghi's arguments do not demonstrate that the evidence was insufficient.

Fifth, Zanghi contends that his sentences constitute cruel and unusual punishment because he will not be eligible for parole until he is 111 years old. Regardless of its severity, a sentence that is within the statutory limits is not "'cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience.'" *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (quoting *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979)); *see also Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion) (explaining that the Eighth Amendment does not require strict proportionality between crime and sentence; it forbids only an extreme sentence that is grossly disproportionate to the crime). The sentences imposed are within the parameters provided by the relevant statutes, *see* NRS 200.366(3)(c); NRS 201.210; NRS 201.230, and Zanghi does not allege those statutes are unconstitutional. Considering the nature and the circumstances of the

SUPREME COURT
OF
NEVAOA

(O) 1947A

3

offenses, we are not convinced that the sentences imposed are so grossly disproportionate to the crimes as to constitute cruel and unusual punishment.

Sixth, Zanghi contends that cumulative error warrants a new trial. Because Zanghi has demonstrated only one error, there is nothing to cumulate. Accordingly, we

ORDER the judgment of conviction REVERSED as to count 8 and AFFIRMED in all other respects and REMAND this matter to the district court for the entry of an amended judgment of conviction consistent with this order.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

cc:    Hon. Kathleen E. Delaney, District Judge
Keith C. Brower
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk