# IN THE SUPREME COURT OF THE STATE OF NEVADA

RICHARD F. MILEWSKI,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 74788

FILED

APR 16 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of 14 counts of lewdness with a child under the age of 14, and 2 counts of sexual assault with a minor under the age of 14.[1] Eighth Judicial District Court, Clark County; Douglas Smith, Judge. Appellant Richard Milewski raises five main contentions on appeal.

First, Milewski argues that there was insufficient evidence to support the jury verdict on the charges arising from his conduct with four children. In assessing such a claim, we evaluate "the evidence in the light most favorable to the prosecution" and ask "whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. State*, 117 Nev. 116, 122, 17 P.3d 998, 1002 (2001) (quoting *Domingues v. State*, 112 Nev. 683, 693, 917 P.2d 1364, 1371 (1996)).

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

20-14490

Here, the children's testimony, as well as the evidence regarding E.M.'s previous statements,[2] provided sufficient evidence to support each count and carried sufficient indicia of reliability because the children described how and where Milewski touched them and the locations in the house where the improper touching and sexual assaults happened. *See LaPierre v. State*, 108 Nev. 528, 531, 836 P.2d 56, 58 (1992) (holding that a child's testimony is sufficient to support charges of sexual assault but that there needs to be "some reliable indicia" that the acts charged actually occurred). And Milewski's confessional letters and phone calls to his wife from jail, wherein he admitted to improperly touching each child, provide further evidence supporting the convictions as his statements corroborated the testimony given by the victims and others. Thus, we conclude that a rational trier of fact could have found the essential elements of lewdness with a child under the age of 14 and sexual assault on a child under the age of 14 beyond a reasonable doubt. *See* NRS 200.366(1)(b) (defining sexual assault on a child under the age of 14); NRS 201.230(1)(a) (defining lewdness with a child); *Jackson*, 117 Nev. at 122, 17 P.3d at 1002.[3]

Second, Milewski argues that the district court violated his Sixth Amendment right to counsel by denying his motions to dismiss his public defender and appoint alternate counsel. "[A] defendant in a criminal trial does not have an unlimited right to the substitution of counsel" and is

---

[2]E.M., one of the child victims, did not testify at trial.

[3]Milewski also challenges the allegedly arbitrary number of charges as to one of the child victims, but the record supports ten counts as D.G. testified the abuse occurred at least two times per weekend on sleepovers, amongst other times, and D.G.'s guardian testified that D.G. slept over at Milewski's house on approximately 14 weekends.

not entitled to substitution "[a]bsent a showing of sufficient cause." *Garcia v. State*, 121 Nev. 327, 337, 113 P.3d 836, 842 (2005), *holding modified on other grounds by Mendoza v. State*, 122 Nev. 267, 130 P.3d 176 (2006). Milewski fails to demonstrate sufficient cause to replace appointed counsel as his conflict with appointed counsel stemmed primarily from his repeated insistence on controlling the course of his defense and from his belief that appointed counsel was deficient for failing to implement Milewski's defense strategy.[4] *See id.* at 337, 113 P.3d at 842-43 (noting that the first factor in determining sufficient cause is the extent of the conflict with counsel, and further requiring a "complete collapse of the attorney-client relationship" for a refusal to substitute to constitute a violation of the defendant's Sixth Amendment rights); *Gallego v. State*, 117 Nev. 348, 363, 23 P.3d 227, 237 (2001) (holding that a refusal to cooperate with court-appointed counsel is not a proper cause on which to base a request to substitute counsel), *abrogated on other grounds by Nunnery v. State*, 127 Nev. 749, 263 P.3d 235 (2011); *Rhyne v. State*, 118 Nev. 1, 8, 38 P.3d 163, 167 (2002) (noting that a lawyer, not defendant, is entrusted with tactical decisions concerning the day-to-day defense strategy).

Moreover, the record reflects that Milewski has had these disagreements with each counsel that has represented him, including with the privately-retained counsel below and on appeal.[5] And contrary to

---

[4]To the extent Milewski claims ineffective assistance of counsel based on the waiver of his right to a speedy trial, "such claims are generally not appropriate for review on direct appeal." *State v. Powell*, 122 Nev. 751, 756, 138 P.3d 453, 456 (2006).

[5]Indeed, Milewski filed a motion after briefing was completed to dismiss appellate counsel and withdraw his briefs, which we denied. *See Milewski v. State*, Docket No. 74788 (Order Denying Motion, Dec. 12, 2019)

Milewski's contention, the district court conducted hearings on both motions to substitute[6] and otherwise questioned court-appointed counsel regarding her relationship with Milewski during several calendar calls. *See id.* at 337, 113 P.3d at 842 (noting that the third factor in determining sufficient cause is "the adequacy of the court's inquiry into defendant's complaints"). As two of the three factors militate against Milewski, we conclude that the district court did not abuse its discretion in denying Milewski's motions. *See Young v. State*, 120 Nev. 963, 968, 102 P.3d 572, 576 (2004) (reviewing decisions on such motions for an abuse of discretion).

Third, Milewski argues that the district court abused its discretion by failing to sever his charges. We disagree. Milewski fails to demonstrate that he was unduly prejudiced by the joinder of charges, as evidence of all the offenses was cross-admissible under NRS 48.045(3).[7] *See* NRS 174.165(1) (providing district courts discretion to order separate trials where it appears that joinder will prejudice a defendant); *Tabish v. State*, 119 Nev. 293, 302, 72 P.3d 584, 589-90 (2003) (reviewing a district court's decision on a motion to sever for an abuse of discretion); *Middleton v. State*,

---

(noting that this court has denied several motions by Milewski regarding dismissal of counsel).

[6]For this reason, we reject Milewski's contention that the district court committed structural error by failing to hold hearings on these motions.

[7]NRS 48.045(3) provides:

> Nothing in this section shall be construed to prohibit the admission of evidence in a criminal prosecution for a sexual offense that a person committed another crime, wrong or act that constitutes a separate sexual offense.

114 Nev. 1089, 1108, 968 P.2d 296, 309 (1998) (pointing to the cross-admissibility of evidence as indicative of the lack of undue prejudice resulting from joinder).

Fourth, Milewski argues that the district court violated his confrontation rights by admitting the victims' out-of-court statements. He first argues that E.M.'s statements were inadmissible because they were testimonial, E.M. did not testify at trial, and the State failed to demonstrate E.M.'s unavailability to testify. For out-of-court statements to implicate the Confrontation Clause, the threshold question is "whether the statement at issue is 'testimonial' hearsay." *Chavez v. State*, 125 Nev. 328, 339, 213 P.3d 476, 484 (2009) (quoting *Crawford v. United States*, 541 U.S. 36, 68-69 (2004)). We conclude that E.M.'s out-of-court statements were nontestimonial because they were spontaneously made to her mother and babysitter, rather than under circumstances suggesting that E.M. knew they could be used against Milewski in a criminal case.[8] *See Pantano v. State*, 122 Nev. 782, 791, 138 P.3d 477, 483 (2006) (holding that "[a] parent questioning his or her child regarding possible sexual abuse is inquiring into the health, safety, and well-being of the child," and thus, the child's statements in response are nontestimonial); *Flores v. State*, 121 Nev. 706, 717-19, 120 P.3d 1170, 1177-78 (2005) (holding that a child's statements to her foster mother regarding her biological mother were not testimonial

---

[8]Milewski also argues that E.M.'s statements were improperly admitted under NRS 51.385, but the State was not required to demonstrate E.M.'s "unavailability" as Milewski's confrontation rights were not implicated. The State only had to show that E.M. was "unavailable *or unable* to testify" under the broader language of NRS 51.385(1)(b) (emphasis added), and Milewski fails to demonstrate that the State's proffered evidence failed to meet this requirement.

given the child's young age and that it was unlikely the child thought the statements would be used in a later criminal case).

Milewksi further argues that the district court abused its discretion by admitting all four children's out-of-court statements because the statements lack trustworthiness. NRS 51.385(1)(b) provides that "a statement made by a child under the age of 10 years describing any act of sexual conduct performed with or on the child" is admissible if the statement is trustworthy. Trustworthiness depends on factors such as "whether: (a) [t]he statement was spontaneous; (b) [t]he child was subjected to repetitive questioning; (c) [t]he child had a motive to fabricate; (d) [t]he child used terminology unexpected of a child of similar age; and (e) [t]he child was in a stable mental state." NRS 51.385(2). We conclude that the district court did not abuse its discretion by admitting the children's statements, *see Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008) (reviewing a district court's decision to admit evidence for an abuse of discretion), as the record supports the district court's findings that the statements were not the result of repetitive questioning aimed at eliciting the statements. Rather, they were made spontaneously to caregivers and, as to the statements made to the forensic interviewers, the interviews were not conducted in a suggestive or leading manner and were instead conversational and open-ended. The record also shows no reason to fabricate, as it suggests that the children liked Milewski and were disappointed that he was in jail. Furthermore, the children all used terminology expected for their age. Lastly, the evidence did not show that the children made the statements while in an unstable mental state.

Fifth, Milewski argues that the district court erred by admitting his letters to his wife and permitting her to testify against him because he did not have "custody or control" of H.S. and D.G. as contemplated by the exception to the statutory marital privilege.[9] *See* NRS 49.295(2)(e)(1) (providing an exception to the marital privilege when the spouse commits a crime against a child in the "custody or control" of either spouse). We review for an abuse of discretion. *See Mclellan*, 124 Nev. at 267, 182 P.3d at 109. Physical control is sufficient for purposes of NRS 49.295(2)(e)(1), and Milewski had physical control of all the children at all relevant times. *Meador v. State*, 101 Nev. 765, 768, 711 P.2d 852, 854 (1985) (concluding that a defendant's physical control over the victims at the time of the sexual abuse satisfied the requirements of NRS 49.295(e)(1)), *disapproved of on other grounds by Talcon v. State*, 102 Nev. 294, 721 P.2d 764 (1986). Moreover, Milewski was aware that phone calls to his wife from jail were being recorded and, thus, he did not have the requisite expectation of confidentiality in their conversations. *See Fields v. State*, 125 Nev. 785, 797, 220 P.3d 709, 717 (2009) (holding that statements made during jailhouse calls between a husband and wife that they knew were recorded did not have the required expectation of confidentiality for the marital privilege to apply).

---

[9]Milewski's further argument that the district court erred by finding that the marital privilege does not apply in Nevada is belied by the record, as the district court merely indicated that the privilege was narrower in Nevada based on the statutory exceptions.

Having considered Milewski's arguments and concluded no relief is warranted,[10] we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:     Department 8, Eighth Judicial District Court
        Law Office of Christopher R. Oram
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

[10]Because we find no errors, Milewski's cumulative error argument fails.

SUPREME COURT
OF
NEVADA

(O) 1947A