# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN ANTHONY WAYNE DEGEN, SR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77960

FILED

MAY 29 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of first-degree kidnapping, three counts of sexual assault, attempted sexual assault, battery with intent to commit sexual assault committed by strangulation, and two counts of battery with intent to commit sexual assault. Second Judicial District Court, Washoe County; David A. Hardy, Judge.

Appellant John Anthony Wayne Degen was arrested and tried for the sexual assault of A.C. A jury found Degen guilty of all charges, except for the charge of robbery, and the district court sentenced him to a prison term totaling 73 years to life in the aggregate. On appeal, Degen argues (1) the district court erred by denying his motion for an order compelling the State to disclose prosecution-gathered criminal histories of veniremembers by means unavailable to the defense, (2) the district court abused its discretion by admitting two pink stun guns into evidence over his objection, (3) the State failed to provide sufficient evidence to support his convictions, and (4) the district court abused its discretion in sentencing him to a minimum term of 73 years in prison. Having reviewed Degen's

20-20306

contentions and for the reasons discussed below, we affirm the judgment of conviction.

*Degen's motion for equal access to juror information*

Degen argues that the district court abused its discretion by denying his motion requesting disclosure of prosecution-gathered criminal histories of veniremembers by means unavailable to the defense. At a hearing on the motion, Degen asserted that this court's decision in *Artiga-Morales v. State*, 130 Nev. 795, 335 P.3d 179 (2014), afforded trial courts discretion in deciding such motions. In response to the district court's inquiry as to why it should exercise its discretion to grant the defense equal access to juror information, Degen failed to offer any evidence showing that the denial of veniremember information resulted in actual prejudice. On appeal, Degen maintains that our decision in *State v. Second Judicial District Court (Ojeda)*, 134 Nev. 770, 431 P.3d 47 (2018), filed months after his conviction, requires reversal. *See id.* at 774, 431 P.3d at 51 (holding that "[u]pon motion by the defense, the district court must order the State to disclose any veniremember criminal history information it acquires from a government database that is unavailable to the defense").

As an initial matter, we must determine whether our holding in *Ojeda* is applicable here. *See State v. White*, 130 Nev. 533, 536, 330 P.3d 482, 484 (2014) (stating that questions of law are reviewed de novo). This court applies new rules of state law without constitutional force retroactively to all cases on direct appeal, provided the issue has been preserved in the district court. *Richmond v. State*, 118 Nev. 924, 929, 59 P.3d 1249, 1252 (2002) (detailing that retroactive application of a new rule "promotes consistency and fairness because a new rule is applied to all cases not finalized on direct appeal"). Because a new rule of nonconstitutional

SUPREME COURT
OF
NEVADA

(1) 1947A

force was announced in *Ojeda*, and because Degen adequately preserved the issue below, we conclude that *Ojeda*'s holding applies to Degen's direct appeal. *See Ojeda*, 134 Nev. at 772, 774, 431 P.3d at 50, 51 (acknowledging "that the United States Constitution does not require the State to disclose veniremember criminal histories," and enacting the new rule pursuant to this court's "inherent authority to make procedural rules that remedy systematic unfairness in the way that judicial proceedings are conducted").

While *Ojeda* announced a new procedural rule, it did not overrule *Artiga-Morales*. Instead, we examined the distinctions between the facts and posture of *Artiga-Morales*:

> We recognize that the majority in *Artiga-Morales* declined to create a rule, in part because of that case's "limited record and arguments" on this issue. 130 Nev. at 799, 335 P.3d at 182. In this case, by contrast, the parties' briefings and arguments focused *exclusively* on this issue. Moreover, the procedural posture of *Artiga-Morales*—that is, a direct appeal from a judgment of conviction—made it unnecessary for this court to consider the present issue at length, since Artiga-Morales could not show that the refusal to disclose veniremember information resulted in prejudice. *Id.* at 797-98, 335 P.3d at 180-81. In the present mandamus petition, by contrast, the issue is squarely raised and ripe for our resolution.

*Id.* at 774 n.4, 431 P.3d at 51 n.4.

In *Artiga-Morales*, we required a showing of actual prejudice resulting from the injury complained of—"unequal access to juror background information." 130 Nev. at 798, 335 P.3d at 181. Because Artiga-Morales's injury "was speculative and/or prejudice was not shown," we held that it was not reversible error for a district court to deny the motion compelling disclosure of "prosecution-developed juror background

information." *Id.* at 797, 335 P.3d at 180. Because Degen has similarly failed to establish that the denial of veniremember information resulted in actual prejudice, we conclude that reversal is not warranted as the district court did not abuse its discretion in denying Degen's motion. *See Ojeda*, 134 Nev. at 772, 431 P.3d at 50 ("District courts enjoy broad discretion in the realm of discovery disputes.").

*Admissibility of two pink stun guns*

Degen contends that the district court abused its discretion in admitting two pink stun guns into evidence over his objection, claiming that their prejudicial impact substantially outweighed any probative value. "We review a district court's decision to admit or exclude evidence for an abuse of discretion." *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008).

The victim testified extensively at trial that Degen threatened her with and used a pink stun gun on her during the sexual assault. There was also testimony that Degen had access to and used identical pink stun guns belonging to his roommate, and those stun guns were recovered from the shared residence. Moreover, there was testimony that the victim had injuries consistent with a stun gun. After careful review of the record before us, we conclude that the evidence was relevant and that any danger of unfair prejudice in admitting the stun guns was substantially outweighed by their probative value. *See* NRS 48.015 (stating that evidence is relevant if it has any tendency to make a fact of consequence more or less probable than without the evidence); NRS 48.035(1) (detailing that relevant "evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice"). Therefore, we conclude that the district court did not abuse its discretion in admitting the evidence.

 

*Sufficiency of the evidence*

While Degen generally contends that the State failed to provide sufficient evidence to support his convictions on all eight counts, he only argues that the victim's testimony lacked credibility, and that his expert witness testified that no physical evidence supported the victim's account of the assault.[1]

When reviewing a challenge to the sufficiency of evidence supporting a criminal conviction, we consider "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). We will not disturb a verdict supported by substantial evidence. *Id.*

The record before us belies Degen's blanket assertion of insufficient evidence to support his convictions. Degen largely seeks to reargue the victim's credibility, but that is the jury's function. *See McNair*, 108 Nev. at 56, 825 P.2d at 573 (explaining that it is the jury's function to determine the credibility of the witnesses and weigh the evidence—not the court). Although the victim's testimony alone was sufficient to support Degen's conviction, the State also elicited corroborating testimony from several witnesses. *See LaPierre v. State*, 108 Nev. 528, 531, 836 P.2d 56, 58 (1992) (detailing that this court has "repeatedly held that the testimony of a sexual assault victim alone is sufficient to uphold a conviction" so long as

---

[1]Because Degen fails to specifically challenge the sufficiency of the evidence supporting the first-degree-kidnapping conviction, we need not consider it. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court.").

SUPREME COURT
OF
NEVADA

(O) 1947A

the victim testifies "with *some* particularity regarding the incident"). Viewing the evidence in the record favorably to the prosecution, we conclude that there was sufficient evidence from which a rational jury could find Degen guilty beyond a reasonable doubt of the crimes charged.

*Degen's sentence*

Finally, Degen contends that the district court abused its discretion at sentencing by ignoring the mitigating factors. In support, Degen claims the record reveals that the district court reviewed only the psychosexual evaluation and otherwise provided no reasoning for his sentence. A district court's sentencing decision is reviewed for abuse of discretion. *Houk v. State*, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987). While a district court retains wide discretion at sentencing, "this court will reverse a sentence if it is supported *solely* by impalpable and highly suspect evidence." *Denson v. State*, 112 Nev. 489, 492, 915 P.2d 284, 286 (1996).

We conclude that the district court did not abuse its discretion at sentencing. Degen does not argue that the district court relied solely on "impalpable and highly suspect evidence," *id.*, nor does he provide any legal authority to support the proposition that the district court must provide its reasoning for the sentence imposed, *see Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) (explaining that this court need not consider arguments not cogently argued or that lack the support of relevant authority). Regardless, Degen's sentence falls within the statutory parameters and the district court's discretion to impose consecutive sentences. *See* NRS 176.035(1); NRS 193.330(1)(a)(1); NRS 200.320(2)(a); NRS 200.366(2)(b); NRS 200.400(4)(a)(2) & (b). Finally, Degen's sentence is not "so unreasonably disproportionate to the offense as to shock the conscience." *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 222 (1979).

SUPREME COURT
OF
NEVADA

(O) 1947A

Accordingly, for the foregoing reasons, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:     Hon. David A. Hardy, District Judge
        Washoe County Alternate Public Defender
        Attorney General/Carson City
        Washoe County District Attorney
        Washoe District Court Clerk