# IN THE SUPREME COURT OF THE STATE OF NEVADA

ERICK ALEXANDER MEDINA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 81270

FILED

JUN 11 2021

ELIZABETH A BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of six counts of lewdness with a child under the age of 14 and one count of child abuse, neglect, or endangerment.[1]  Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge.

Appellant first argues that insufficient evidence supports the jury's verdict.  He asserts that the victim's testimony lacked corroboration and that he presented an alternative explanation for the victim's allegations: to help the victim's sister get custody of the child the sister shared with appellant.  When reviewing a challenge to the sufficiency of the evidence supporting a criminal conviction, this court considers "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *McNair v. State*, 108 Nev. 53, 56, 825

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

21-16906

P.2d 571, 573 (1992) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Here, the victim testified that, when she was 13 years old, appellant exposed and rubbed her breasts, forcibly kissed her mouth and breasts, and attempted to remove her pants. *See* NRS 200.508(1) (establishing the elements of a charge for abuse, neglect, or endangerment of a child); NRS 201.230(2) (establishing the elements of a charge for lewdness with a child under 16 years of age). And, as appellant acknowledges on appeal, victim testimony alone is enough to support a jury verdict. *See LaPierre v. State*, 108 Nev. 528, 531, 836 P.2d 56, 58 (1992) (recognizing that "the testimony of a sexual assault victim alone is sufficient to uphold a conviction"). Moreover, because witness credibility belongs to the jury, we disagree with appellant's assertion that the jury's rejection of his defense warrants reversal. *See Rose v. State*, 123 Nev. 194, 202-03, 163 P.3d 408, 414 (2007) (holding that the jury, not this court, assesses witness credibility and the weight of the evidence). Accordingly, we conclude that sufficient evidence supports the jury's verdict.

Appellant also claims the district court erred in not admitting certain evidence that rebutted witness testimony that appellant sent harassing messages to the victim's sister about the child they shared. We conclude that any error in not admitting the evidence was harmless as it did not substantially affect the verdict. *See Valdez v. State*, 124 Nev. 1172, 1188-90, 196 P.3d 465, 476-77 (2008) (discussing non-constitutional harmless error review). Appellant's counsel questioned the sister extensively regarding her and appellant's discussions about their child after the victim's allegations against appellant surfaced. Appellant also testified regarding their communication, and the district court admitted some of the

messages between him and the sister. Together, this evidence rebutted the other witness's testimony that appellant's messages were harassing in nature. Reversal on this issue is therefore not warranted. Accordingly, we ORDER the judgment of conviction AFFIRMED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon


cc:    Hon. Joseph Hardy, Jr., District Judge
Las Vegas Defense Group, LLC
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk